Fonda *v.* Sage.

The judgment must be affirmed.

[MONROE GENERAL TERM, June 4, 1866. *Welles, E. Darwin Smith* and *Johnson,* Justices.]

———•••———

## MALVINA T. FONDA *vs,* SPARROW S. SAGE and HELEN T. FONDA, impleaded with others.

Where the complaint alleged, and the proof showed, that the defendants were proceeding to acquire the title to land under a destroyed instrument, or to put themselves in a situation to assail the plaintiff's title to the same premises, and secure such title to themselves through that deed; and they in fact asked affirmative relief, in their answer, viz. that the plaintiff's conveyance, under which she claimed an absolute title to the premises, might be adjudged fraudulent and void and decreed to be cancelled and annulled; and the cause had been fully tried upon all the questions of fact involved without objection; *Held* that it was then too late to suggest that the case was not properly before the court, for determination.·

*Held, also,* that, in either aspect—whether the case was to be regarded as strictly in the nature of a bill in equity *to remove a cloud* upon the title to real estate, or generally, in the nature of a bill *quia timet,* to settle the plaintiff's title to the property, and establish it securely against all claims which might be brought against it by reason of the destroyed deed—the case was clearly one of equitable cognizance, and the action might be maintained upon either or both grounds.

When a deed has been delivered, so as to divest the grantor of the title, and vest it in the grantee, the subsequent destruction of it by the parties will not change the title back to the grantor, and reinvest him with it.

It is well settled that a condition, in a conveyance, can only be reserved for the benefit of the grantor of the estate, and his heirs; and that no stranger can take advantage of the breach of a condition.

Fonda *v.* Sage.

Until re-entry by the grantor, or his heirs, for a breach of a condition, the estate is not forfeited, but remains in the grantee. Mere neglect to perform the condition is not sufficient to work a forfeiture.

Nor is a mere verbal refusal by the grantee to perform the condition, if he is an infant, at the time.

To constitute a delivery of a deed, so that it shall become effectual to transfer title to real estate from one to another, there must be an acceptance by the person to whom it is made. Acceptance by the grantee is an essential part of a delivery, in law.

Where a deed or other instrument is handed over by the maker, to the other party, and retained by the latter, and nothing further is said, the law presumes that the instrument is made according to the agreement, and that the party to whom it is thus handed over accepts it as a delivery in fulfillment of the agreement between them.

But it is not every mere handing over and retention for a greater or less period of time which will constitute a full and effectual delivery of an instrument. If it is taken by the grantee or other party merely for the purpose of examination, to see whether it is in accordance with the agreement, it is no delivery, unless the party concludes to retain it, after such examination.

And so, where a party makes a purchase of land, and the agreement is that the vendor is to convey it to the purchaser, by a deed with some special provision in it, and a deed is made and handed over to such purchaser, which conveys the land to another person, and the purchaser receives it without any examination of its contents, understanding and believing that it is a deed made to him, and which vests the title in him, and he retains it in that belief, until he discovers that it is not such an instrument as he was to have, and does not give him the land which he had purchased and paid for, he may return it to the vendor and require one to be made in accordance with the agreement.

No valid and effectual delivery has been made, in such a case; and upon the discovery of the mistake or error within a reasonable time, and before any other rights have intervened, founded upon the instrument as made and thus retained, the party receiving it may refuse to retain it, and may return it and demand one in accordance with the agreement.

A purchaser, by the purchase, and payment of the price, of land, acquires the entire equitable title, and the vendor only holds the naked legal title, without any real interest, in trust for him, and can not convey it to another without his consent. And if such consent is never in fact given, the title will not pass from the vendor, by his conveyance to another.

THIS is an action in equity, brought by the plaintiff for the purpose of removing what she claims to be a cloud on her alleged title to real estate, at Lima, in the county of Livingston. The plaintiff claims title in fee to the premises

Fonda *v.* Sage.

in question, and possession under that title. She then alleges that Helen T. Fonda, one of the defendants, recovered a judgment in this court on the 24th day of March, 1862, against Franklin J. Fonda, another defendant, for costs in a suit for divorce, which judgment was docketed in the clerk's office in Livingston county, on the 11th day of April, 1862, and an execution issued on that judgment against the property of Franklin J. Fonda, to the sheriff of Livingston county, William B. Leman, a defendant in this action, on which the sheriff advertised and sold these premises as the property of Franklin J. Fonda; and on that sale Sparrow S. Sage, one of the defendants, bid off the premises, and got a sheriff's certificate of sale, which is recorded in the clerk's office of Livingston county. This sheriff's certificate the plaintiff alleges to be a cloud on her title. The plaintiff then alleges that Sparrow S. Sage and Helen T. Fonda threaten to procure a sheriff's deed on this sale, and that they claim that Franklin J. Fonda, at the time said judgment was docketed in Livingston county, had an interest in the premises which was bound by the judgment, and liable to be sold on the execution. The plaintiff also alleges that Franklin J. Fonda never had any interest in the premises, and never claimed to have any interest therein, either in law or equity; and that said Sparrow S. Sage and Helen T. Fonda refuse to release or relinquish their claim, which is a *cloud and incumbrance* upon the title of the plaintiff; which she prays may be removed by the judgment of the court.

On the above allegations in her complaint, verified by her affidavit, together with the separate affidavits of the plaintiff herself, and Franklin J. Fonda and Jeffrey W. Vary, she obtained an *injunction* against the purchaser, Sparrow S. Sage, Helen T. Fonda and the sheriff, Leman.

After the complaint had been made and sworn to, and the injunction obtained, the plaintiff made an amended complaint, which is the same in substance with the original, with the exception of certain allegations now for the first

time put forth in this action. These allegations are, that the said Sparrow and Helen pretend and claim and insist that the said Franklin J. Fonda was the owner of said premises, or had some interest therein that could be sold upon said execution at the time of the docketing of said judgment, and the plaintiff alleges that the facts in regard to said pretended interest in said Franklin J. Fonda, are as follows, viz : Heretofore, and on or about the 9th day of December, 1857, one Samuel T. Vary was the owner in fee simple of said premises, which were then of the value of $3700 ; that this plaintiff being desirous of purchasing the same for her own use and benefit, entered into an agreement with said Samuel T. Vary, for the purchase of the same, at the price agreed upon, of $3700, and upon the day last aforesaid, paid to him in cash, of her own money and means, the said sum of $3700 ; and the said Samuel T. Vary, and his wife, executed a deed of said premises, which this plaintiff learned, as hereinafter stated, purported to be made from said Vary and wife to this plaintiff in trust for said Franklin J. Fonda, who was then an infant son of said plaintiff, of the age of nineteen years ; and the said deed was upon the express condition that said Franklin J. should pay to this plaintiff the sum of $200 annually, for the use of said premises, during her natural life, and at her decease the said premises should in that case descend to the said Franklin J. Fonda ; and in case of failure to pay the said annual sums, the premises should revert to the plaintiff absolutely ; that upon the payment of said money to Vary, she took said deed into her own possession, without knowing its contents, and kept the same in her own possession, without knowing its contents or conditions until sometime before the 15th day of July, when she exhibited said deed to counsel learned in the law, and for the first time learned the nature and terms of said deed, and immediately thereafter she returned said deed to said Samuel T. Vary for the reason that the same was not in accordance with her agreement with him, and not such deed as she

delivered and contracted for, and she would not and did not accept the same, and the same was then destroyed; and the said Samuel T. and his wife executed, acknowledged and delivered to this plaintiff, a deed of said premises, with the usual covenant and warranty, which was duly recorded in Livingston county clerk's office, as by reference to said deed, or the record thereof, will more fully appear.

And the plaintiff further alleges, that the first deed was never recorded; that the same was in no manner acted upon or under; that the said Franklin J. Fonda never paid any sum whatever, either directly or indirectly, toward the purchase money of said premises, or for the annual use of said premises, and has never claimed any rights or interests in said premises under said deed, nor did he ever enter upon said premises under or by virtue of said deed, or do or perform any act in pursuance thereof. And the plaintiff further alleges that Calvin T. Vary, the person who drew said first mentioned deed, has already departed this life, and the person who took the acknowledgments thereof, has also departed this life; that said Samuel T. Vary and his wife, who knew the contents of said deed and all the facts relating thereto, are aged people and over the age of seventy years.

The defendants, Sage and Helen T. Fonda, who alone defended, answered the amended complaint, claiming that the consideration of the trust deed in favor of Franklin J. Fonda, which the plaintiff first took from Samuel T. Vary, was the proceeds of the estate of the late husband of the plaintiff, and father of Franklin J. and one Emily Richards, formerly Emily Fonda, a sister of Franklin—Franklin and Emily being the sole heirs at law of their father; that the trust deed ran to the plaintiff, in trust for Franklin J. Fonda, and stated that Franklin was to pay the plaintiff, during her natural life, the sum of two hundred dollars a year, or the plaintiff might live in the family of said Franklin J. Fonda, which would be in full satisfaction of said sum of two hundred dollars a year, and that both Franklin and the plaintiff

well knew the contents of the deed, and accepted it; that Franklin took and held possession under that deed, and provided for the plaintiff in his family, in fulfillment of its conditions; that said first deed was in full force at the time of the judgment and sale of the premises under the execution, and that Franklin had an interest under the deed, liable to the judgment and execution, &c. and that the subsequent deed of the plaintiff, under which she claims, is void and of no effect; that the plaintiff took it to defraud Helen as well as Franklin, Helen then being Franklin's wife; and that the plaintiff fraudulently destroyed the first deed.

The answering defendants pray to be allowed to go on and get the sheriff's deed, and that the second deed gotten by the plaintiff be adjudged fraudulent and void, and be canceled and annulled, &c.

It appeared by the evidence, without any contradiction, that Samuel T. Vary, the grantor in these two deeds, is the father of the plaintiff, and lives near the premises; that Franklin J. is a son of the plaintiff; and that Helen T. Fonda was married to Franklin in February, 1858, *intermediate* the execution of the two deeds; and Sparrow S. Sage is the father of Helen, who obtained a divorce from Franklin and lives with her father in Niagara county. Franklin was a minor at the date of the deeds, and came to the age of twenty-one years, May 6, 1859.

The action was referred to H. L. Comstock, Esq. as referee, to hear, try and determine.

The referee, having heard the proofs and allegations of the parties, made his report, by which he found that the following facts were sufficiently proved and established, to wit: In or about the month of September, 1857, the plaintiff negotiated with one Samuel T. Vary, for the purchase of the real estate and premises mentioned and described in the amended complaint in this action, and they, the said plaintiffs, and Samuel T. Vary, then made a verbal agreement, by which Vary agreed to convey to the plaintiff the said

premises for the sum of three thousand seven hundred dollars ($3700,) but that he would deduct from said sum the sum of eight hundred dollars ($800,) which last mentioned sum should be treated as an advancement to the plaintiff, who was his daughter, out of his estate, and the plaintiff agreed to purchase said premises, and to pay therefor the said sum of $3700, deducting therefrom the said sum of $800, and that said sum of $800 should be treated as an advancement to her out of the estate of her father, the said Vary. After said agreement was made, the plaintiff directed Vary to convey the premises to her, but that as she designed to give the property eventually to her son, the said defendant, Franklin J. Fonda, the said Vary should insert in said conveyance a clause to the effect, that, provided said Franklin J. Fonda, her son, should pay her the sum of $200 annually during her natural life, then he should have and own said premises after her death. The plaintiff paid said Vary said sum of $3700, deducting said sum of $800, in pursuance of said agreement, such payment being made wholly out of her own funds. Subsequently, and in the month of December, 1857, the said Samuel T. Vary and Mehitable, his wife, made, executed, acknowledged and delivered to the plaintiff a deed of conveyance of said premises, by which they conveyed said premises to the plaintiff in trust for said Franklin J. Fonda, on condition that said Franklin J. Fonda should pay to the plaintiff the sum of $200 annually during her natural life; and it was also expressly provided in said deed that if the said Franklin J. Fonda should make default in the payment of said sum of $200 annually during the life time of the plaintiff, as above mentioned, then, and in that case, the said conveyance should become null and void, and the said Franklin J. Fonda should forfeit the right and title in and to said premises. When said deed was delivered to the plaintiff she did not read or examine it, nor know the manner in which it was drawn, nor that it was not drawn according to her directions as above stated, but she took and

put it away, supposing and believing that it had been made according to her directions. She did not discover that it was not so drawn, nor in what manner it was drawn, until about the first day of July, 1858. About that time said Franklin J. Fonda examined said deed, and then declared to the plaintiff that he could not and would not comply with the condition of said conveyance; that he could not and would not pay her said sum of $200 annually; and he then advised the plaintiff to go to her father and get another deed of said premises, so that she might sell the same. The plaintiff then, or very soon afterwards, took the advice of counsel in reference to said deed, and, upon the advice of such counsel, returned the said deed to Vary, informing him at the same time that such deed was not drawn according to her directions, and that said Franklin J. Fonda could not and would not comply with the condition therein, and requested Vary to make another deed conveying the title to said premises to her absolutely, and offered to cancel said first mentioned deed, and she did then and there, in the presence of said Vary and in good faith, destroy said deed by burning the same. Franklin J. Fonda never paid any part of the consideration for said conveyance, nor did he ever pay or offer to pay the said sum of $200 annually to the plaintiff, or any part thereof, nor has he ever been able to comply with the condition of said deed. At the time said deed was executed, he was a minor in his twentieth year, and at the time he advised his mother to take said deed back to the grantor and get another deed, as above stated, he was in the twenty-first year of his age; and he became twenty-one years old in the month of May, 1859; the said deed was never recorded nor was any copy thereof kept. Afterwards, and on the fifteenth day of July, 1858, said Samuel T. Vary and his wife made, executed and delivered to the plaintiff another deed of the same premises, whereby they granted and conveyed said premises to the plaintiff in fee simple absolute, which deed contained a covenant of quiet enjoyment, in the usual form.

This last mentioned deed was duly acknowledged, and was also duly recorded in said county of Livingston on the 25th day of September. Franklin J. Fonda never took possession of the premises under said first mentioned deed, nor did he ever claim or assert any right to or interest in said premises by reason thereof, but as soon as he learned its contents, refused to have any thing to do with said conveyance, and has always since that time neglected and still does neglect to pay or offer to pay to the plaintiff said sum of $200 annually, and every part thereof. He was fully informed of the fact that said deed was drawn as above stated, and that the plaintiff returned the same to the grantor and destroyed it, and that another deed was made to her, and has always acquiesced in and approved of the plaintiff's acts in relation thereto. Samuel T. Vary was the owner in fee simple of said premises prior to and at the time he conveyed the same as aforesaid, and delivered possession thereof to the plaintiff immediately after the execution of said first mentioned deed, and she has ever since had possession thereof either in person or by her tenants. On the 24th of March, 1862, the defendant Helen T. Fonda recovered a judgment in the Supreme Court of this state, against said Franklin J. Fonda, for about the sum of $137.18, for her costs, in an action for a divorce, which she had before that time brought against him, and also recovered a further judgment for alimony in said action, the particular amount of which is not proved, a transcript of which judgment for costs and alimony was filed in the office of the clerk of Livingston county, where said premises are situated, on the 11th day of April, 1862, and said judgment was duly docketed in said office. On the first day of July, 1862, said Helen T. Fonda caused an execution upon said judgment, in the usual form, to be issued and delivered to the defendant, William B. Leman, who was then, and still is, the sheriff of said county of Livingston, commanding him to satisfy said judgment out of the personal property of the said Franklin J. Fonda, or if sufficient could not be found,

then out of the real estate in said county, belonging to said Franklin J. Fonda, on the 11th day of April, 1862, or at any time thereafter. By virtue of said execution said sheriff seized said premises and advertised the same for sale, according to law, as the lands and premises of said Franklin J. Fonda, and afterwards, to wit, on the 23d day of August, 1862, the day appointed for the sale, sold said premises, by virtue of said execution, to the defendant, Sparrow S. Sage, for the sum of $159.47, he being the highest bidder, and that being the highest sum bidden for the same, which seizure and sale were made by the directions of the said defendants, Helen T. Fonda and Sparrow S. Sage. Thereupon the said sheriff made, executed, filed and delivered duplicate certificates of such sale, as required by law, and caused the same to be recorded in said clerk's office of Livingston county, in the book of miscellaneous records, kept therein. At the time of such sale the said Sparrow S. Sage and Helen T. Fonda claimed, and they and each of them have ever since claimed and insisted, that said Franklin J. Fonda was the owner of said premises, or that he had some interest therein liable to be sold on execution; and they also then claimed, and have ever since claimed, that the facts in relation to the title to said premises, and the contents of said first mentioned deed, were substantially as stated in their answer in this action. On or about the 14th day of August, 1863, the plaintiff, by her agent, demanded of said Sparrow S. Sage and Helen T. Fonda, and each of them, that they and each of them should, by some suitable instrument or paper, release their claim; and the plaintiff tendered an instrument for that purpose, and demanded that they execute the same, which they refused to do, and also refused to execute any release of their said claim, and said Sparrow S. Sage then insisted that said Franklin J. Fonda had an interest in the premises, and that he had purchased such interest, and should procure a deed of said premises to be executed to him by said sheriff as soon as he could.

The referee further stated, in his report, that proof of the contents of said first above mentioned deed could only be made by a *few witnesses*, who had seen and read the same; and the said Samuel T. Vary, the grantor, and who was one of the most important witnesses for that purpose, was quite aged, and not likely to survive many years; that Calvin Vary, who drew said deed, had already departed this life, and the officer who took the acknowledgment thereof, was also dead. The evidence in relation to the contents of said deed was conflicting, and there was danger that by the loss of testimony of the plaintiff's witnesses, or some of them, she might not, after the lapse of any considerable length of time, be able to prove by sufficient evidence the contents of said deed, and that it may be made to appear, contrary to the fact, that such deed was a conveyance to the plaintiff in trust for said Franklin J. Fonda, with a condition only that he should either pay to her the sum of $200 annually during his minority, or during her life, or else that in lieu of such payment, he should allow her to live with him in his family; and that she accepted said deed with full knowledge of its contents.

The referee further reported that from the facts in this case, he found and decided the following conclusions of law, viz:

1st. That the plaintiff is, and ever since the making and delivery of the last above mentioned deed executed by said Samuel T. Vary and his wife to her, has been the owner in fee simple of the premises mentioned and described in the amended complaint in this action.

2d. That said Franklin J. Fonda had no title to or interest in said premises at the time of the recovery of the judgment against him herein before mentioned, or at any time thereafter.

3d. That the sale of said premises by the sheriff to the said Sparrow S. Sage, by virtue of said execution, did not vest in him any title to or interest in said premises, but that such sale and the making and filing the sheriff's certificate

thereof, in connection with the fact of the making and delivery and destruction of said first above mentioned deed, and the dispute about its contents, does constitute a cloud upon the plaintiff's title to said premises, and puts her title in jeopardy, and also constitutes a serious obstacle in the way of her selling said premises.

4th. That if the sale of said premises by the sheriff on said execution, should be completed by the execution and delivery by him to the purchaser, of a deed of conveyance, in pursuance of such sale, such conveyance, in connection with proof of the execution and delivery of the first above mentioned deed, made by said Samuel T. Vary and his wife to the plaintiff, in trust for said Franklin J. Fonda, as above stated, would constitute a cloud upon the plaintiff's title, and might defeat her title after the death of her witnesses to prove the contents of said first above mentioned deed, and to prove the circumstances under which, and the agreement upon which, said deed was executed and delivered.

5th. That the plaintiff is entitled to judgment in this action, declaring that the said judgment, so as aforesaid recovered by said Helen T. Fonda against said Franklin J. Fonda, is not, and never has been, a lien upon said premises; that said Franklin J. Fonda did not own said premises, or have any interest therein, at the time when said judgment was recovered and docketed, or at any time thereafter, but that the plaintiff is the sole owner of said premises in fee simple, and has been such owner ever since the 15th day of July, 1858; that said Sparrow S. Sage did not acquire any title to or interest in said premises by his purchase at the sheriff's sale thereof upon said execution, but that such sale and the certificate thereof, and the filing of such certificate, as herein stated, constitute a cloud upon the plaintiff's title, and put such title in jeopardy; that such sale and certificate thereof be vacated and set aside; that said sheriff be restrained from making or delivering, and that said Sparrow S. Sage and his assigns be restrained from receiving, any deed

Fonda *v.* Sage.

from the sheriff in pursuance of said sale of the premises; that said Sparrow S. Sage be enjoined from selling or assigning said certificate of sale, and that the plaintiff be quieted in her title; and also that the plaintiff recover her costs and disbursements in this action against the defendants Sparrow S. Sage and Helen T. Fonda.

Judgment being entered accordingly, the defendants Helen T. Fonda and Sage, appealed to the general term.

*G. D. Lamont,* for the appellants.

*Geo. F. Danforth,* for the respondent.

*By the Court,* JOHNSON, J.   It is quite immaterial whether this action is to be regarded as strictly in the nature of a bill in equity to remove a cloud upon the title to real estate, or generally in the nature of a bill *quia timet,* to settle the plaintiff's title to the estate, and establish it securely against all claims which may be brought against it by reason of the destroyed deed.   That the defendants are now proceeding to acquire the title under the destroyed instrument, or to put themselves in a situation to assail the plaintiff's title hereafter, and secure such title to themselves through that deed, is not denied.   Indeed they ask for affirmative relief in their own behalf in their answer; which is nothing less than that the plaintiff's conveyance, under which she claims an absolute title to the premises, may be adjudged fraudulent and void and decreed to be canceled and annulled. The whole matter is therefore before the court upon the merits, having been fully tried upon all the questions of fact involved, without objection, and the court should proceed to a determination according to the very right of the case.   It is too late, now, to suggest that the case is not properly before the court, for determination upon all the questions litigated between the parties.   In either aspect, the case is clearly one of equitable cognizance, and I see no difficulty, upon the facts disclosed by the testimony, in maintaining the

action upon either or both grounds. The defendants' answer and the affirmative relief sought by that shows that the action has not been prematurely brought.

The action being maintainable, the plaintiff's right to the relief prayed for depends, I think, upon the question whether the first deed executed by Vary, the grantor, and handed to the plaintiff, was delivered, so as to divest Vary of the title, and vest it in the plaintiff, or in her son who was named in the deed as the beneficiary. If it did, the subsequent destruction of it by the plaintiff and the grantor would not change the title back to the grantor and reinvest him with it. This question, singularly enough, is not discussed or even alluded to by the plaintiff's counsel, in his points.

If that deed took effect at all, its operation was to vest the title in the beneficiary named, as it was not a trust authorized by statute. No estate, legal or equitable, vested in the plaintiff. (1 *R. S.* 727, 728, 729, §§ 47, 49, 55.) It would create in him an estate subject to the condition contained, to wit: That he should pay the plaintiff the sum of $200 annually during her natural life. If this was a valid condition, it would subject the estate to a defeasance or forfeiture in his hands if the condition was not performed. It was clearly a condition subsequent, and did not prevent the vesting of the estate if the deed was in law delivered, even should the condition be held to be valid. I incline to the opinion, however, that the condition was not valid, and could never operate to defeat the title, although wholly unperformed. The condition was not in favor of the grantor or his heirs, but in favor of the plaintiff, wholly. It seems to be well settled, upon abundant authority, that a condition in a conveyance can only be reserved for the benefit of the grantor of the estate and his heirs, and that no stranger can take advantage of the breach of a condition. (4 *Kent's Com.* 127. *Co. Lit.* 214 *a*, 214 *b.* 2 *Greenl. Cruise*, 4. *Shep. Touch.* 120. *Craig* v. *Welles*, 1 *Kern.* 323. *Nicoll* v. *The New York and Erie Railroad Co.*, 2 *id.* 121.)

Fonda *v.* Sage.

But even if the condition could be held valid, in this case, it was never broken, or if it was, there was no re-entry on account of such breach; and until such re-entry by the grantor or his heirs, the estate is not forfeited, but remains in the grantee. (*See case last cited.*)    Mere neglect to perform the condition is not sufficient to work a forfeiture.    But here the beneficiary and real owner was an infant.    The condition was to pay the plaintiff $200 each and every year without any particular day of payment being specified.    In such a case, I think, the owner would have the whole of the first year in which to make payment, so that the condition could not be deemed broken until the expiration of the year from the execution and delivery of the deed.    The deed was destroyed before the expiration of the first year after its execution.    The mere verbal refusal to make the payment, or to assume the obligation, was of no consequence, as the party was an infant at the time, and the plaintiff his only surviving parent.    If the first deed ever took effect, therefore, so as to divest the grantor of his title, it vested in Franklin J. Fonda, and he has never been divested of it, and the plaintiff acquired no title or interest whatever by her second deed from the same grantor.

If this is the true state of the case, the plaintiff must not only fail in her action, but the defendants are entitled to the specific relief prayed for by them in their answer.

But I have come to the conclusion, after a careful consideration of the facts found by the referee, and of all the evidence, that the first deed was never delivered so as to take effect, and operate to transfer the title from the grantor therein to the grantee.    To constitute a delivery of a deed so that it shall become effectual to transfer title to real estate from one to another, there must be an acceptance by the person to whom it is made.    Acceptance by the grantee is an essential part of a delivery, in law.    Where a deed or other instrument is handed over by the maker to the other party ·and retained by such other party, and nothing further is said,

the law presumes that the instrument is made according to the agreement, and that the party to whom it is thus handed over accepts it as a delivery in fulfillment of the agreement between them. But it is not every mere handing over, and retention for a greater or less period of time, which will constitute a full and effectual delivery of an instrument. If it is taken by the grantee or other party, merely for the purpose of examination, to see whether it is in accordance with the agreement, it is no delivery, unless the party concludes to retain it after such examination. And so, I apprehend, where a party makes a purchase of land and the agreement is that the vendor is to convey it to the purchaser, by a deed with some special provision in it, and a deed is made and handed over to such purchaser, which conveys the land to another person, and the purchaser receives it without any examination of its contents, understanding and believing that it is a deed made to him and which vests the title in him, and retains it in that belief, until he discovers that it is not such an instrument as he was to have and does not give him the land which he had purchased and paid for, he may return it to the vendor and require one to be made in accordance with the agreement. No valid and effectual delivery has been made in such a case. There has been no meeting of minds, which is as essential in this as in any other part of the agreement. Upon the discovery of the mistake or error within a reasonable time and before any other rights have intervened, founded upon the instrument as made and thus retained, the party receiving it may refuse · to retain it, and may return it and demand one in accordance with the agreement. The rejection in such a case, where the mistake or misapprehension under which the instrument had been received was genuine, and the delay in the discovery of the mistake or error excusable, would relate back to the original delivery or handing over of the instrument, and constitute a refusal to accept it at that time. There being no acceptance, no title has passed, and a new instrument conveying accord-

Fonda *v.* Sage.

ing to the agreement, would transfer the original title of the vendor. Here, according to the finding of the referee, the direction was by the plaintiff to have the title conveyed to her, with some provision in the deed in favor of her son, then a minor, upon certain conditions to be performed by him.

It was a purchase made by her, in her own right, and with her own means, in which the son had no interest, and could have no voice, and no rights, except such as she might see fit voluntarily to confer. The deed, instead of conveying the property to her in her own right, is, through misapprehension, or design so drawn as to operate as a conveyance of the whole title to the son. But it has been retained by the plaintiff, and never has been delivered to the son or accepted by him. The plaintiff was in no sense his agent, to procure the title for him, and her acceptance and retention of the deed, for the length of time it was so retained, was in no legal sense a delivery of it to the son. He had not received it, nor accepted its provisions, and I think it is clear, under the circumstances, that no title ever vested in him. The plaintiff, and not Vary, the original owner of the premises, was the donor of the interest, whatever it was designed to be, of the son, and had the sole and exclusive right to dictate, and determine, as to its nature and extent. And upon making the discovery that the deed was so drawn as to make her only a nominal grantee, without any title, and effectual only to vest the title in another, such other never having received the conveyance or done any thing by way of ratification or acceptance, the plaintiff, it seems to me, had the clear right to reject it, and have a deed according to the intention and agreement. The only question material to be considered here, is whether under the facts and circumstances of this case, the title as matter of law vested in the plaintiff's son, Franklin J. Fonda, upon the delivery of the first deed to her. It seems to me very clear that it did not. And if it did not, then it still remained in Vary, the original owner, as it was before, subject to the rights of the plaintiff as purchaser.

---

Fonda *v.* Sage.

---

By her purchase and payment of the price, she acquired the entire equitable title, and Vary, the vendor, only held the naked legal title without any real interest, in trust for her, and could not convey it to another without her consent. This consent, though apparently given, and presumptively given, for the time being, was never in fact so given. The title, therefore, did not pass from Vary, the vendor, until the execution and delivery of the second deed, when it vested exclusively in the plaintiff.

There is no question of laches, here, which the defendants can be heard to urge against the plaintiff, in neglecting to examine the first deed, and make discovery of its contents. Their claims against Franklin J. Fonda, did not accrue until long after the whole matter was adjusted amicably, and in good faith, between the plaintiff and her vendor and grantor. They gave no credit to the son upon the faith of his ownership of this land, and their claim had no reference whatever, in its inception, to any such fact. As subsequent creditors, their claim rests entirely upon the proposition that, as matter of strict law, the title to these premises vested in him upon the execution of the first deed, and the delivery of the same to his mother, the plaintiff. As I have come to an opposite conclusion, if my brethren agree with me, the plaintiff is entitled to the relief prayed for, and the judgment should be affirmed, with costs.

Judgment affirmed.

[MONROE GENERAL TERM, June 4, 1866, *Welles, E. Darwin Smith* and *Johnson*, Justices.]