HENRIETTA STRAUSE, Respondent, *v.* MORITZ JOSEPHTHAL et al., Appellants.

Although a bond and mortgage may be transferred by mere delivery, there must be an intention so to transfer accompanying the delivery. Where the intention is to have a written assignment, a mere manual delivery does not pass title.

(Argued May 22, 1879 ; decided June 3, 1879.)

THIS action was brought to recover a balance alleged to be due of the purchase-price of a bond and mortgage transferred by plaintiff to defendants.

The sale of the bond and mortgage was negotiated by one Levinger, who had acted as agent or broker for both parties. Defendants placed in his hands checks for $6,428, the amount of the purchase money, with directions that they or their avails were to be delivered on delivery of the securities, with an assignment thereof. Levinger, upon receipt of the papers, paid to plaintiff $4,000, and gave to her a receipt stating in substance that the balance was to be paid as soon as the owner of the mortgaged premises paid off certain taxes and assessments then in arrear, and if the owner did not arrange the matter satisfactorily, he (Levinger) was to return the bond, mortgage and assignment, and receive back the sum paid with interest. Levinger subsequently absconded. The taxes and assessments having been paid, plaintiff demanded payment of the balance of the purchase-price, and this having been refused, tendered the $4,000 with interest and demanded a re-assignment of the bond and mortgage, which defendants also refused. *Held*, that Levinger was not the agent of plaintiff that the receipt of the money by him was a receipt by her; but that he was acting for and owed duties and obligations to each; that the responsibility of Levinger for the checks was to defendants not to plaintiff; that defendants did not complete their bargain until they had paid plaintiff in full; that plaintiff had the right to put the assignment in the hands of Levinger, with such lawful conditions attached as she saw fit to impose, and he could pass to defendants no better right than she empowered him to give; that defendants therefore took the securities subject to the conditions upon which they were delivered to Levinger, and having refused to deliver them up on demand they elected to hold them as their own and were liable for the balance unpaid.

Upon the trial plaintiff was allowed to prove conversations of Levinger with plaintiff's husband, wherein the former spoke of defendants as his clients; these were received with the reservation that they were to go as naught if the relation of principal

and agent was not otherwise proved. Evidence was subsequently given showing that Levinger was in fact the attorney and agent of defendants. *Held*, that the receipt of the evidence in the manner stated was not error, as, after an agency is shown, the declarations of the agent in the prosecution of the agency are admissible. Also, *held*, that it was not an error to receive in evidence the receipt so given by Levinger.

The court charged the jury, in substance,' that where a bond and mortgage is to be transferred by writing, a mere manual delivery is not an assignment, and does not pass title. *Held*, that this proposition was correct ; and that as there was some evidence that there had been a manual delivery of the bond and mortgage before the assignment it was not an abstract proposition.

*Seig Spingam* for appellants.

*Benj. M. Stilwell* for respondent.

FOLGER, J., reads for affirmance.
All concur, except ANDREWS, J., absent at argument.
Judgment affirmed.