BARRY v. SNOWDEN et ux.

(Circuit Court, D. Indiana. February 13, 1901.)

No. 9,703.

1. ATTORNEY'S FEES—STIPULATION IN MORTGAGE.
   3 Burns' Rev. St. 1894, § 7532, declaring void any agreement to pay attorney's fees, depending on any condition therein set forth, and made part of any bill of exchange, acceptance, draft, promissory note, or other written evidence of indebtedness, does not apply to a mortgage stipulating for attorney's fees in case of foreclosure, the bond secured thereby being the written evidence of indebtedness.

2. JUDICIAL NOTICE—FEDERAL COURTS.
   Federal courts take judicial notice of the statutes of the several states without their being pleaded.

3. CONTRACTS—BY WHAT LAW GOVERNED.
   It being provided in the by-laws of a building and loan association that all contracts made by or with it shall be deemed to have been made at its home office in Illinois, stipulation in a mortgage given it by a member, on land in Indiana, for attorney's fees in case of foreclosure, conforming in its terms to the laws of Illinois, though not to those of Indiana, is good; it not being against the public policy of Indiana to contract in a mortgage for an attorney's fee for its foreclosure.

In Equity.

H. N. Ryon & Son and Chipman, Keltner & Hendee, for complainant.

Kenner & Lesh, for defendants.

BAKER, District Judge. This is a suit brought by the receiver for the foreclosure of a mortgage executed by David L. Snowden and his wife to the Interstate Building & Loan Association of Bloomington, Ill. Snowden was a stockholder in the building association, and as such became a borrower of $500 from it, to secure the payment of which he executed a bond, and also a mortgage, upon real estate in Huntington county, Ind. The bond secured by the mortgage contains no stipulation for the payment of attorney's fees. The mortgage contains a stipulation on that subject as follows:

"Upon filing a bill to foreclose this mortgage, the mortgagee shall be allowed the sum of fifty dollars as its solicitor's fee, to be taxed as costs; and in any suit at law or in equity, where said mortgagee shall be a party by reason of this mortgage, it shall be allowed a reasonable solicitor's or attorney's fee with its other costs, to be taxed against the mortgagors in any judgment or decree rendered in such suit."

The mortgage also recites that the money secured by it is loaned by the association under its charter and by-laws on shares of its capital stock issued to David L. Snowden. The by-laws under which said loan was made provide as follows: Section 1, art. 7: "All money due from members to the association, or from it to the members, shall be payable at the home office, in Bloomington, Illinois." Section 11, art. 8: "All contracts made by or with this association shall be deemed to have been made at the home office, in Bloomington, Illinois."

The sole question presented to the court is in regard to the validity of the stipulation contained in the mortgage providing for the pay-

ment of attorney's fees. It is insisted on the part of the defendants that the stipulation in regard to attorney's fees is to be construed according to the laws of the state of Indiana, and not according to the laws of the state of Illinois, and that the statute of this state regulating attorney's fees renders void the above-quoted provision on that subject contained in the mortgage. The statute of this state touching attorney's fees is section 7532, 3 Burns' Rev. St. 1894, which reads:

"Any and all agreements to pay attorney's fees, depending upon any condition therein set forth and made part of any bill of exchange, acceptance, draft, promissory note, or other written evidence of indebtedness, are hereby declared illegal and void."

The court is of opinion that, if the mortgage is to be construed as an Indiana contract, the statute does not apply to it. It is an elementary principle of law that statutes which abridge the power to contract, inasmuch as they are in derogation of common right, are to be strictly construed, and will be given no effect beyond the fair meaning of the words employed. The statute does not embrace every contract or agreement to pay attorney's fees. It is limited to those depending upon a condition set forth in the agreement evidencing the indebtedness, and is further limited to such agreements as "are made part of any bill of exchange, acceptance, draft, promissory note, or other written evidence of indebtedness." Plainly the mortgage, and the stipulation therein for the payment of a solicitor's fee upon the foreclosure of the mortgage, do not fall within any of the classes of obligations mentioned in the statute, unless embraced by the words, "other written evidence of indebtedness." But it is familiar law in the construction of statutes that where specific terms are used covering specific objects, and other general words follow, the general words are to be construed with reference to their associates. The maxim applicable thereto is, "Noscitur a sociis." Thus construed, the words, "other written evidence of indebtedness," must be held to be evidence of indebtedness of like character with those described in the specific terms used in cataloguing the instruments in which a conditional agreement to pay an attorney's fee is declared to be illegal and void. The mortgage is not the written evidence of the defendants' indebtedness. The bond secured by the mortgage constitutes the written evidence of indebtedness. The mortgage is a mere security for the performance of the obligation or duty assumed by the mortgagor. A mortgage is always regarded as an accessory to the principal thing, and the stipulation contained in the mortgage to pay a solicitor's fee upon the foreclosure of the mortgage is not a part of the written evidence of the indebtedness of the defendants, but is a mere agreement of indemnity, a recovery upon which is dependent upon the breach of the mortgagors' obligation to pay at maturity the indebtedness secured by the mortgage. The stipulation is not, in and of itself, any evidence of an existing debt, nor is it a part of the written evidence of indebtedness. Of itself, it is a collateral agreement, constituting no part of the written evidence of indebtedness, and the right to enforce it depends upon the institution of a suit for the foreclosure of the mortgage. It does not seem to the court that,

without a broad and latitudinary construction of the statute, which is not permissible, it can be held that the stipulation is within the condemnation of the statute, even if it were to be treated as governed by the law of this state.

The suggestion made by counsel for the defendants that this court cannot take judicial notice of the statutes of Illinois on the subject of attorney's fees is unfounded. It is thoroughly well settled that the courts of the United States will take judicial notice of the statutes of the several states without their being pleaded. Owings v. Hull, 9 Pet. 607, 623, 9 L. Ed. 246; Drawbridge Co. v. Shepherd, 20 How. 227, 15 L. Ed. 896; Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757, 30 L. Ed. 825.

The mortgagor Snowden was a member and stockholder in the Interstate Building & Loan Association of Bloomington, Ill. As such, he was bound by the constitution and by-laws of that association, and in addition he expressly acknowledged in the mortgage that the money loaned to him was loaned by the association under its charter and by-laws on shares of its capital stock issued to him. It was mutually agreed between the mortgagor and the association that all contracts made by or with the association should be deemed to have been made at the home office at Bloomington, Ill. That stipulation is binding upon the parties. Where the contracting parties live in two different states, it is well settled that they have the right to contract with reference to the laws of either of the states in which they reside, and a contract made by the parties by which they mutually agree that their rights shall be measured by the laws of one of the two states is binding and effective upon them, in the absence of an express statute to the contrary. Of course, so far as the mere forms to be observed in the execution of a mortgage are concerned, they must conform to the law of the state where the real estate is situated; but, as to the obligations to be secured by the mortgage, they are independent of the statutory forms for its execution, and are to be governed by the general principles of the law of contract. There was no public policy of this state that forbade Snowden to contract in the mortgage for the payment of a solicitor's fee for its foreclosure. The payment of solicitor's fees may be lawfully contracted for in this state. This is not denied by counsel for the defendants, provided only the contract be absolute in terms. But the court perceives no reason why Mr. Snowden and the association might not lawfully contract for the payment of a solicitor's fee according to the terms of the statute of Illinois. The only particular in which the legislative policy of the two states differs is in regard to the particular manner in which the covenant or agreement to pay a solicitor's fee shall be written. The parties to the mortgage have mutually agreed that the contractual obligations of each shall be measured by the laws of the state of Illinois. Their agreement that the contract obligations of each shall be determined by the laws of the state of Illinois contravenes no public policy nor law of this state. The court is of opinion, for the reasons stated, that the defendants cannot escape their obligation to pay a reasonable attorney's fee upon the foreclosure of the mortgage. The demurrer to the answer is sustained.