GOETTLICHER v. WILLE et al.

(Supreme Court, Special Term, Queens County.　April 30, 1912.)

1. MORTGAGES (§ 227*)—BOND SECURED BY MORTGAGE—FORGED MORTGAGE.
　　Where the owner of a bond secured by a mortgage executed a written assignment thereof to W. and delivered to her with the assignment the original bond and a forged mortgage, the transfer of the bond carried with it the mortgage given to secure it, notwithstanding the original mortgage was retained by the assignor.
　　[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 602; Dec. Dig. § 227.*]

2. MORTGAGES (§ 244*)—BOND AND MORTGAGE—CONFLICTING ASSIGNMENTS—BONA FIDE ASSIGNEES.
　　The owner of a bond and mortgage, on May 23, 1910, sold the same to defendant W. by delivering to her a written assignment, the original bond, and a forged mortgage, and four days thereafter attempted to sell the same to defendant A. by delivering to her an assignment of the mortgage, the genuine or original mortgage, and a forged bond.　When he made the assignment to W., he took away the assignment and the forged mortgage to be recorded, and did record the assignment on June 1, 1910, prior to the record of A.'s assignment in September, 1911.　Held, that the second assignment to A. and the transfer of the forged bond passed no title to her, and though both were innocent purchasers, the ownership of the bond and mortgage was in W.
　　[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 633–655; Dec. Dig. § 244.*]

3. MORTGAGES (§ 244*)—ASSIGNMENT—DELIVERY.
　　On the day a bond and mortgage were executed to an attorney's stenographer for his benefit, he went to the house of a subsequent assignee and obtained $500 on statements contemplating the assignment of the bond and mortgage, showing the subsequent assignee the papers, and then took them away, saying that he would bring them back later with an assignment from the stenographer and get the balance which the assignee was to pay therefor.　He thereafter returned with an assignment, the original mortgage, and a forged bond, having previously sold the original bond with a forged mortgage to W.　Held, that what transpired in the original conference with the subsequent assignee did not amount to a delivery of the bond and mortgage to her so as to pass title.
　　[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 633–655; Dec. Dig. § 244.*]

Action by Carolina Goettlicher against Carolina Wille and others. Judgment for defendant Wille.

F. C. Leubuscher, for plaintiff.
Wm. G. Johnson, for defendant Wille.
Gregg & Frank, for defendant Archer.

CRANE, J.　[1] The bond and mortgage executed on March '18, 1910, by Michael Then and Theresa Then to Agnes T. Madden for $3,000 immediately came into the possession of Constantine T. Timonier, a lawyer, who was the real mortgagee in interest; Agnes T. Madden being a typewriter in his office.　On May 23, 1910, Timonier sold this bond and mortgage to Carolina Wille by delivering to her a written assignment thereof, the original bond, and a forged mortgage.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The transfer of the bond carried with it the mortgage given to secure it, and the fact that Timonier retained the original mortgage in no way interfered with a complete and effectual transfer by assignment of the title to the bond and mortgage. Merritt v. Bartholick, 36 N. Y. 44; Wanzer v. Cary, 76 N. Y. 526; Jackson v. Willard, 4 Johns. 41; Carpenter v. Longan, 16 Wall. 271, 21 L. Ed. 313.

[2] When, therefore, on the 27th day of May, 1910, or four days after the sale of the bond and mortgage to Carolina Wille, Timonier attempted to sell the same to Rosana Archer by delivering to her an assignment of the mortgage, the genuine or original mortgage, but a forged bond, the transaction passed no title whatever to Mrs. Archer, as Mrs. Wille was at that time the owner of the bond and mortgage, and Timonier and his typewriter had no title to pass.

At the time Timonier sold the bond and mortgage to Carolina Wille, he took away with him the assignment and the forged mortgage to record, as he stated. The assignment he did record on June 1, 1910, and as the defendant Archer's assignment was not recorded until September, 1911, the recording acts (section 291 of the Real Property Law [Consol. Laws 1909, c. 50]) protect Mrs. Wille and give her title to the mortgage over Mrs. Archer, whose assignment was recorded subsequently. There is no question but what Mrs. Wille, as well as Mrs. Archer, was a purchaser for value and in good faith. Decker v. Boice, 83 N. Y. 222; Greene v. Warnick, 64 N. Y. 220.

[3] It is claimed by the defendant Archer that on March 18, 1910, the day the bond and mortgage were executed by Mr. and Mrs. Then, and prior to the sale thereof to the defendant Wille, Timonier came to her house, obtained $500 upon statements regarding the sale of the bond and mortgage, showed her the papers, and took them away again, saying that he would bring them back later with an assignment from Agnes T. Madden, his stenographer, and get the balance of $2,500 which she was to pay him therefor. When he did come back with the papers, or with the assignment, original mortgage, and forged bond on May 27, 1910, he had previously sold the bond and mortgage to Mrs. Wille. What transpired at the home of Mrs. Archer on March 18, 1910, did not amount to a delivery of the bond and mortgage so as to pass title, as there was no intent at the time to deliver the papers to her for the purpose of passing title thereto; it was at most to show her the papers, permit her and her husband to inspect them in order that they might see what they would receive when the balance of the purchase price was paid and the written assignment obtained and delivered. Strause v. Josephthal, 77 N. Y. 622; Fonda v. Sage, 46 Barb. 109, affirmed 48 N. Y. 173.

But even if there had been a valid delivery of the bond and mortgage and an assignment thereof on March 18, 1910, the defendant Wille would take title by the subsequent assignment, as her assignment was first put on record.

It is extremely unfortunate that through the dishonesty of a member of the bar one of two innocent and trusting clients must lose $3,000; but as one or the other of the parties must relinquish her

claim to the bond and mortgage, I decide, upon the reasons above given, that the title thereto is in Carolina Wille, and accordingly give judgment in her favor, but without any costs as against the defendant Rosana Archer.