CAROLINA GOETTLICHER, Plaintiff, *v.* CAROLINA WILLE, Respondent, Impleaded with ROSANNA ARCHER, Appellant.

Second Department, April 30, 1913.

Mortgage — fraudulent assignment — assignment of same mortgage to different parties — assignee first recording assignment has superior title — delivery.

Where an attorney at law, being the real mortgagee in interest, had the mortgage executed to his clerk and thereafter assigned the genuine bond together with a forged mortgage, the genuine mortgage passed under the assignment. Hence, a subsequent assignment of the genuine mortgage as collateral to a forged bond to another person passed no title, the assignor having none to pass.

The first assignment having been recorded before the second assignment, the title of the first assignee is protected by the Recording Acts.

The fact that the assignor before making the first assignment showed the original bond and mortgage to the second assignee and obtained money upon a promise that he would later make an assignment did not amount to a delivery so as to pass title.

Even if there had been a prior valid delivery to the second assignee the title of the first assignee would be superior, her assignment being first recorded.

APPEAL by the defendant, Rosanna Archer, from a judgment of the Supreme Court in favor of the defendant Carolina Wille, entered in the office of the clerk of the county of Queens on the 3d day of June, 1912, upon the decision of the court rendered after a trial at the Queens County Special Term.

*George A. Gregg* [*Leslie Frank* with him on the brief], for the appellant.

*William G. Johnson,* for the respondent.

Judgment affirmed, without costs of this appeal, on the opinion of Mr. Justice CRANE at Special Term.

JENKS, P. J., HIRSCHBERG, BURR, RICH and STAPLETON, JJ., concurred.

The following is the opinion delivered at Special Term:

CRANE, J.:

The bond and mortgage executed on March 18, 1910, by Michael Then and Theresa Then to Agnes T. Madden for $3,000

immediately came into the possession of Constantine T. Timonier, a lawyer, who was the real mortgagee in interest, Agnes T. Madden being a typewriter in his office. On May 23, 1910, Timonier sold this bond and mortgage to Carolina Wille by delivering to her a written assignment thereof, the original bond and forged mortgage. The transfer of the bond carried with it the mortgage given to secure it, and the fact that Timonier retained the original mortgage in no way interfered with a complete and effectual transfer by assignment of the title to the bond and mortgage. (*Merritt* v. *Bartholick*, 36 N. Y. 44; *Wanzer* v. *Cary*, 76 id. 526; *Jackson* v. *Willard*, 4 Johns. 41; *Carpenter* v. *Longan*, 16 Wall. 271.) When, therefore, on the 27th day of May, 1910, or four days after the sale of the bond and mortgage to Carolina Wille, Timonier attempted to sell the same to Rosanna Archer by delivering to her an assignment of the mortgage, the genuine or original mortgage, but a forged bond, the transaction passed no title whatever to Mrs. Archer, as Mrs. Wille was at that time the owner of the bond and mortgage, and Timonier and his typewriter had no title to pass. At the time Timonier sold the bond and mortgage to Carolina Wille he took away with him the assignment and the forged mortgage to record, as he stated. The assignment he did record on June 1, 1910, and as the defendant Archer's assignment was not recorded until September, 1911, the Recording Acts (Real Prop. Law, § 291)* protect Mrs. Wille and give her title to the mortgage over Mrs. Archer, whose assignment was recorded subsequently. There is no question but what Mrs. Wille as well as Mrs. Archer was a purchaser for value and in good faith. (*Decker* v. *Boice*, 83 N. Y. 221; *Greene* v. *Warnick*, 64 id. 220.) It is claimed by the defendant Archer that on March 18, 1910, the day the bond and mortgage were executed by Mr. and Mrs. Then, and prior to the sale thereof to the defendant Wille, Timonier came to her house, obtained $500 upon statements regarding the sale of the bond and mortgage; showed her the papers and took them away again, saying that he would bring them back later with an assignment from Agnes T. Madden, his stenographer, and get the balance

---

* See Consol. Laws, chap. 50 (Laws of 1909, chap. 52), § 291.—[REP.

of $2,500 which she was to pay him therefor. When he did come back with the papers, or with the assignment, original mortgage and forged bond, on May 27, 1910, he had previously sold the bond and mortgage to Mrs. Wille. What transpired at the home of Mrs. Archer on March 18, 1910, did not amount to a delivery of the bond and mortgage so as to pass title, as there was no intent at the time to deliver the papers to her for the purpose of passing title thereto; it was at most to show her the papers, permit her and her husband to inspect them in order that they might see what they would receive when the balance of the purchase price was paid and the written assignment obtained and delivered. (*Strause* v. *Josephthal*, 77 N. Y. 622; *Fonda* v. *Sage*, 46 Barb. 109; affd., 48 N. Y. 173.) But even if there had been a valid delivery of the bond and mortgage and an assignment thereof on March 18, 1910, the defendant Wille would take title by the subsequent assignment, as her assignment was first put on record. It is extremely unfortunate that through the dishonesty of a member of the bar one of two innocent and trusting clients must lose $3,000, but as one or the other of the parties must relinquish her claim to the bond and mortgage, I decide upon the reasons above given that the title thereto is in Carolina Wille, and accordingly give judgment in her favor, but without any costs as against the defendant Rosanna Archer.