HAROLD S. DENNISTON AND MRS. FLORENCE F. DENNISTON, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91728.   Promulgated May 12, 1938.

George E. H. Goodner, Esq., for the petitioners.
Francis S. Gettle, Esq., for the respondent.

OPINION.

Smith: The position of the respondent on the issue presented was stated by his counsel at the hearing as follows:

\* \* \* Our position is that the note was worthless when he got it on May 24, 1934, and it was worthless at the end of the year. Really there was no loss sustained on the note. Our contention is that on May 24, 1934, when Mr. Denniston exchanged his mortgage for Home Owners Loan Corporation's bonds, there was an exchange from one property to another, which resulted in a taxable transaction. Now he got less than the face of the mortgage, If there was any loss, it was sustained at that moment. The evidence shows that the bonds came direct to Mr. Denniston, and never went to the mortgagors. \* \* \*

We think that respondent's position is untenable. In the first place, we do not agree with respondent that our question here is limited to whether the petitioner sustained a deductible loss upon the exchange of his mortgage for HOLC bonds, cash, and the new note of the Loves.

The statutory grants of deductions of business losses and of bad debts are separate and distinct and, it has been ruled, are mutually exclusive. *Lewellyn* v. *Electric Reduction Co.*, 275 U. S. 243; *Spring City Foundry Co.* v. *Commissioner*, 292 U. S. 182. Money due on a note is a debt within the meaning of the revenue acts. *Porter* v. *United States*, 27 Fed. (2d) 882. The amount owing to the petitioner as principal on the Loves' note, $20,500, and the accrued interest thereon was a debt; and the nature of the debt was not changed by the fact that it was secured by a mortgage.

The distinction required by the statute between deductions of bad debts and business losses does not arise so long as the debt or the asset is passively held by the taxpayer. The distinction becomes operative when the property is disposed of or the debt becomes worthless and the taxpayer seeks to account for the result in the computation of his income tax. For instance, if a debt, whether secured by a mortgage or not, is purchased for investment purposes and is sold thereafter for a lesser amount, the difference is deductible as a business loss, subject to the statutory limitation on capital losses. If, on the other hand, the debt is not sold but becomes worthless in the hands of the purchaser, his investment therein is deductible as a bad debt if he ascertains the debt to be worthless within the taxable year and charges it off in his accounts or in his income tax return. This dual nature of debts, and specifically "mortgages", was commented on by the Circuit Court of Appeals for the Third

Circuit recently in *Brown* v. *United States*, 95 Fed. (2d) 487, in the following language:

Incidentally much time and space has been devoted in the oral argument and printed Briefs to the question whether the failure of the taxpayer to realize on this mortgage investment resulted in a bad debt or a loss. The truth is that a mortgage is amphibious. When given, as is usual and as here, to secure the payment of a bond, the bond is a debt, and if worthless is a bad debt. On the other hand, a mortgage is a conveyance. It is conditional but none the less a conveyance, which becomes absolute if the grantor does not pay his bond. This right to redeem is called the mortgagor's equity of redemption which may be foreclosed and in consequence gone. The very purpose of a foreclosure proceeding is to put an end to the right to redeem and thus to make the conveyance to the mortgagee absolute and unconditional. In this view a mortgage is an investment in real estate. It is idle, however to spend time over this question because the Regulations classify cases such as this as "bad debts," and the District Court so ruled it to be. It is a "bad debt" loss. The sole question is whether it was "ascertained and charged off" within the taxable year.

The court there held that the uncollectible portion of a foreclosed mortgage which the taxpayer had purchased for investment was deductible as a bad debt.

The respondent is in error, we think, in regarding the transaction by which the petitioner surrendered his mortgage and received the bonds of the HOLC as an exchange of property which finally determined the petitioner's tax liability in respect of his entire interest in the indebtedness of the purchasers for the unpaid purchase price of the property.

The facts clearly show that the petitioner did not exchange his mortgage for HOLC bonds. A mortgage on real estate is regarded in most jurisdictions merely as a security for the debt. *Carpenter* v. *Longan*, 16 Wall. 271; 83 U. S. 271. The dominant attribute of a mortgage is the security for the debt. *United States* v. *Commonwealth Title Insurance & Trust Co.*, 193 U. S. 651. "A mortgage is always regarded as an accessory to the principal thing." *Barry* v. *Snowden*, 106 Fed. 571. See also *First Trust Co.* v. *Crooked Creek & Coal Co.*, 243 Fed. 450; *Sexton* v. *Breese*, 135 N. Y. 387; 32 N. E. 133; *In re Cossitt's Estate*, 204 App. Div. 545; 198 N. Y. S. 560.

A mortgage can not be transferred or assigned separate from the debt which it secures. *Carpenter* v. *Longan, supra; In re Pirie*, 199 N. Y. 524; 91 N. E. 1144; *Goettlicker* v. *Wille*, 156 App. Div. 392; 134 N. Y. S. 977. In *Carpenter* v. *Longan, supra*, the Supreme Court said:

The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity. * * *

All the authorities agree that the debt is the principal thing and the mortgage an accessory. * * * The mortgage can have no separate existence. * * *

Since the petitioner here did not transfer or assign the entire debt of the Loves he did not transfer and could not have transferred the mortgage securing the debt. What he did, actually, was to surrender his mortgage in consideration for a partial payment of the debt in the form of the HOLC bonds and a small amount of cash. The balance of the debt remained unsatisfied, as all of the interested parties understood and agreed, and was evidenced by the new unsecured note which the Loves gave the petitioner. This note was not received in exchange for any other property and we are not concerned with its cost or value at the time of its receipt. It merely represented the unpaid portion of the old indebtedness. If this note or the amount of the indebtedness which it represented was reasonably ascertained to be worthless and charged off by the petitioner within the taxable year, it is deductible as a bad debt in his income tax return.

The respondent relies upon *Josephine C. Bowen*, 37 B. T. A. 412. It was there held that where a taxpayer mortgagee in 1934 accepted bonds of the Home Owners' Loan Corporation of less face value than her interest in certain mortgages which she had held for more than five years, but less than ten years, the transaction constituted an exchange of capital assets and that her deductible loss was limited by the provisions of section 117 of the Revenue Act of 1934. The facts here, however, are materially different from those in the *Bowen* case. There the taxpayer exchanged her mortgage note, that is, the entire indebtedness, for the HOLC bonds. Nothing of the old indebtedness remained after this exchange. It does not appear, either, that the taxpayer there claimed any bad debt loss in respect of the balance of the purchase money mortgage, nor was there any discussion of this question.

The simple facts in this case are that at the beginning of the year the Loves owed the petitioner a debt in the amount of $20,500. No part of this debt was ascertained to be worthless and charged off prior to the beginning of the taxable year. If the entire amount of the debt had been ascertained to be worthless and had been charged off during the year there could be no question but that the petitioner would have been entitled to deduct from his gross income of 1934 the full amount of $20,500. By the payment of $11,875 of HOLC bonds and $22.84 cash the debt was reduced to the amount of $8,602.16. This debt was ascertained to be worthless and was charged off the petitioner's books of account in 1934. We are of the opinion that there can be no question but that the petitioner is entitled to deduct from his gross income of 1934 as a bad debt the amount of $8,602.16.

Since it appears that the deficiency was determined solely upon the ground that the petitioner was not entitled to the deduction of a bad debt in the amount of $8,602.16, and since we have held that he is entitled to such deduction, there is no deficiency due from the petitioner for 1934.

These findings of fact and opinion supersede the memorandum opinion in this proceeding entered March 15, 1938.

Reviewed by the Board.

*Judgment of no deficiency will be entered.*