JAMES R. STEWART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89950.   Promulgated January 12, 1939.

*John L. Connolly, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

## OPINION.

OPPER: The issue is whether the transaction by which petitioner canceled the land sale indebtedness, relinquished his interest in the property, and received Federal Farm Loan bonds in a lesser amount than the face value of the debt, was a sale or exchange of capital assets on the one hand or is to be treated as the payment of a partially worthless debt on the other. Respondent does not contend that the indebtedness was partially worthless when acquired by petitioner or that it became worthless prior to the taxable year, so that the only question is whether petitioner is entitled to a deduction for the full amount of

his loss as a bad debt or only to the limited deduction allowable if the transaction is a sale or exchange.

The situation of the parties prior to the surrender of the claim and conveyance of the property by the petitioner seems to be comparable in all respects to the case of a sale of property for a consideration consisting of notes secured by a purchase money mortgage. *Roby* v. *Bismarck National Bank*, 4 N. D. 156; 59 N. W. 719, 720; *Ferguson* v. *Blood*, 152 Fed. 98, 103. Petitioner's predecessor had made a contract to sell the property in consideration of the purchaser's agreement to pay the purchase price in installments. This resulted in the purchaser obtaining equitable title (*Woodward* v. *McCollum*, 16 N. D. 42; 111 N. W. 623, 626; see *Vail* v. *Evesmith* (N. D., 1932), 241 N. W. 719, 721), being liable to the vendor on the contract, and leaving the vendor with legal title to the property or a vendor's lien thereon as security for payment. *Johnston Land Co.* v. *Whipple* (N. D. 1930), 234 N. W. 59; Comp. Laws N. D. 1913, §§ 6861, 6720, 6721. And petitioner's acquisition of the debt carried with it the vendor's title held as security. *Roby* v. *Bismarck National Bank, supra.*

Had the purchaser surrendered his interest in the land or reconveyed it to the vendor in exchange for a cancellation of the debt, the transaction would have been regarded as a sale or exchange of capital assets. *Betty Rogers*, 37 B. T. A. 897; *Harry Payne Bingham*, 38 B. T. A. 913. Here, however, the process was reversed. There was no reacquisition of the property by the vendor. Rather, he relinquished all of his claim to the property by conveying legal title to the purchaser, who already held equitable title. And he canceled part of the indebtedness in consideration of a payment of the remainder on behalf of the purchaser. From this standpoint it seems to us that the transaction was purely in the nature of a partial payment of an indebtedness. See *Harold S. Denniston*, 37 B. T. A. 834, 837. The result was not the sale or exchange of the legal title for the partial payment. It was the mere release of the property as security for the obligation, as in the *Denniston* case, the mere completion of the conveyance which had been initiated by the contract. And the cancellation of the debt in return for a partial payment could not be said to be a sale or exchange since, to quote from *Hale* v. *Helvering*, 85 Fed. (2d) 819, affirming 32 B. T. A. 356:

* * * Neither business men nor lawyers call the compromise of a note a sale to the maker. In point of law and in legal parlance property in the notes as capital assets was extinguished, not sold. In business parlance the transaction was a settlement and the notes were turned over to the maker, not sold to him.

In *John H. Watson, Jr.,* v. *Commissioner of Internal Revenue*, 27 B. T. A. 463, overruling *Henry P. Werner* v. *Commissioner of Internal Revenue*, 15 B. T. A.

482, it was held that the payment at maturity, of the face amount of bonds purchased at a premium, was not a sale or exchange resulting in a capital loss. If the full satisfaction of an obligation does not constitute a sale or exchange, neither does partial satisfaction. * * *

Nor can we question that the canceled portion of the debt was worthless in view of the facts that the debtor had other obligations of a substantial character; that the real property was evidently worth considerably less than the amount of the claim; and particularly that to the extent the indebtedness was actually reduced it was a condition of the intervention of the Federal Land Bank, from which apparently the only assistance could be procured. Had a note been given for the unpaid balance, to be later written off as worthless, as in *Harold S. Denniston, supra*, that formality would but have detracted from the convincing proof of worthlessness in the present proceeding. This proof is reinforced by the fact that petitioner claimed his entire loss on his verified income tax return. See *Harold S. Denniston, supra*, p. 837; cf. *Rufus H. Syfers*, 22 B. T. A. 736.

It is true that payment was made partly in the form of Federal Farm Mortgage Corporation bonds rather than cash. This seems to us under the present circumstances to be immaterial. It is evident from the statutory authorization and the practice of the Farm Credit Administration thereunder that it was an integral part of the program specified by Congress that payments on account of agricultural indebtedness of this character should be made to a considerable extent in the form of bonds. 12 U. S. C. 723 (f), 772, 1016 (g); 48 Stat. 346, 347. The choice did not lie with petitioner and it is difficult to see how his situation was aided or injured by the receipt of readily marketable securities in satisfaction of the debt. *Josephine C. Bowen*, 37 B. T. A. 412, is not authority to the contrary. As we said of that decision in *Harold S. Denniston, supra*, p. 839, "It does not appear, either, that the taxpayer there claimed any bad debt loss in respect of the balance of the purchase money mortgage, nor was there any discussion of this question." Here, of course, petitioner expressly claims the right to such a deduction, and in fact that is the only issue.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

LEECH concurs only in the result.