## JOHN H. MAHNKEN CO. v. PELLETREAU.

(Supreme Court, Appellate Division, Second Department.   April 15, 1904.)

1. MORTGAGES—ASSIGNMENT—DELIVERY.

   A bond and mortgage may be transferred by mere delivery without a technical assignment, provided there is an intention so to transfer accompanying the delivery.

2. SAME—PAYMENT—DEBT OF THIRD PERSON—ASSIGNMENT.

   As a part of the price of goods sold, the seller agreed to accept an assignment of a half interest in a second mortgage on real estate, given by a third person, which mortgage was delivered and properly assigned in time to enable the seller of the goods to protect his rights thereunder, it being agreed that the nominal value of the mortgage should be discounted $25, after which the seller brought suit to recover the balance due on the goods, giving defendant credit for the agreed value of the interest in the mortgage, which suit was settled by defendant paying the amount claimed by checks, reciting that they were in full of all claims for the goods so purchased.  *Held*, that the transfer of the interest in the mortgage constituted payment for the goods to the extent of the agreed value thereof, without regard to its actual value at the time it was transferred, though the seller failed to protect his rights thereunder on foreclosure of the first mortgage.

   Hooker, J., dissenting.

Appeal from Municipal Court of City of New York.

Action by the John H. Mahnken Company against Vennette F. Pelletreau.   From a Municipal Court judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

William Van Wyck, for appellant.

Charles D. Cleveland, for respondent.

WOODWARD, J.   It is rarely that the facts in a case are so carefully obscured by the record and the discussion as in the present instance.   It is almost impossible to discover the theory of the action, or to determine what facts are established, but, after a careful reading of all of the record and papers in evidence, the facts appear to be substantially as follows:   In May, 1901, a corporation known as the McPherson Material Company was engaged in business in the borough of Brooklyn, dealing in brick, cement, and other building materials. This corporation sold to the defendant certain goods, wares, and merchandise, delivering the same, at an agreed price of $307.15.   At the time of making this sale, or subsequent thereto, the McPherson Company agreed to accept in part payment of this sum a mortgage upon certain premises.   It appears that this mortgage was given by third parties for $500, and it was understood between the contracting parties that the McPherson Company was to have one-half of this mortgage, and that the balance of the amount was to be paid in money. On the 12th day of December, 1902, the plaintiff in this case brought an action against the defendant in the Supreme Court for this same cause of action, and for a second cause of action alleged a claim for

¶ 1. See Mortgages, vol. 35, Cent. Dig. § 619.

$67.25, making a total of $374.40. In this Supreme Court action the complaint alleged the claim of $307.15, and that no part of the said sum had been paid, "except the sum of $225," and it is admitted that this $225 was represented by the mortgage which the McPherson Company had agreed to accept from the defendant, the latter having agreed to discount or rebate the mortgage $25 in the transaction. This left $82.15 of the first claim unpaid, and $67.25 of the second claim, or a total of $149.40. On the 8th day of January, 1903, the defendant gave his check to the plaintiff's attorney for $149.49, "in full for all claims to date in relation to furnishing bricks to Country House, Morris county, New Jersey," and on the same day he gave to the same attorney a check for $5, which is admitted to have been paid as costs in the Supreme Court action, and which is likewise "in full of all claims," etc., as in the larger check. Both of these checks were presented and paid, and there seems to be no controversy that these were intended to settle the Supreme Court action. It will be noticed that the mortgage for $250, discounted by $25, with the sum of $149.40 claimed to be due in the Supreme Court actions, makes $374.40, the exact amount of the total of the two claims, so that in the payments made to the plaintiff there was an allowance of $25 on the mortgage. That is, assuming the mortgage for $250 to have been worthless, there was a consideration in cash of $25 on account of the portion of the claim which was to have been paid by the mortgage, and the plaintiff had a legal and equitable right to the mortgage if it was, in fact, the owner of the claim. It appears to be admitted that this mortgage was delivered to the plaintiff. It in effect acknowledged its receipt in its Supreme Court action, but, without pleading any fraud in the present action, there is an attempt to show that the delivery of this mortgage for $500 was not perfected by proper assignments, and that there being a first mortgage upon the premises, and this having been under process of foreclosure at the time of the actual delivery of the formal assignment of the plaintiff's interest in the mortgage, which appears to have been made to a trustee, there was a failure of the consideration, and this action seeks to recover the value of the mortgage as it was credited up in the Supreme Court action. The learned court below has found for the plaintiff, and the defendant appeals.

Upon the merits, we are of opinion that the evidence shows clearly that the defendant delivered to the McPherson Material Company the mortgage which the latter had agreed to accept in part payment of the claim, and that if there was any defect in the transfer it was not due to any refusal on the part of the defendant to make a complete delivery of all of his right, title, and interest in such mortgage, and he cannot be held responsible for the fact that the plaintiff did not act with reference to the matter in time to protect its rights. No fraud is alleged, nor does the evidence tend to support that theory. The most that may be said is that the plaintiff and its attorney did not discover the nature of the transaction between the defendant and the McPherson Material Company until after the sale of the mortgaged premises under the first mortgage. It now seeks to go back of its pleadings in the Supreme Court action, where the entire matter was settled by the

payment of $149.40, in full discharge of all claims, and compelled the defendant, who had parted with his rights under the mortgage in good faith, and in discharge of his obligations to the McPherson Material Company, to pay the plaintiff the amount which appears to have been lost purely on account of the latter's own carelessness in dealing with the mortgage. There is no doubt that a bond and mortgage may be transferred by mere delivery, provided there is an intention so to transfer accompanying the delivery. Strause v. Josephthal, 77 N. Y. 622. There can be no doubt in the present instance that the defendant intended to transfer the mortgage in payment of his debt. This was the agreement conceded to have been made between him and the McPherson Material Company, and the mere fact that there were some other papers delivered at the same time, or that only a portion of the mortgage was intended to be transferred, does not alter the case in a manner to affect the present action. It is not suggested that the defendant retained any right in the mortgage as against the Mc-Pherson Material Company or its assignee; and, he having parted with the same in pursuance of his agreement, the plaintiff, if it succeeded to the rights of the McPherson Material Company, could have compelled any action on the part of the defendant which might have been necessary to preserve its rights in the mortgage. The fact that it failed to act until the mortgaged premises had been sold can give the plaintiff no right to recover the amount from the defendant. He had paid all that he had agreed to pay; he had no interest in the mortgage after its transfer to the McPherson Material Company; he never claimed any rights in it after that time; and the fact that he discounted the mortgage $25, which he made good in money, is evidence that the mortgage was not considered first class, and that there was a good consideration for the settlement in the Supreme Court action. After the defendant is no longer in a position to get any benefit out of this mortgage, it would be most unjust to compel him to pay this money, when he had placed the plaintiff's assignor in a position to protect his rights by delivering the mortgage before the foreclosure of the first mortgage. He had done his full duty in the premises when he had delivered the mortgage with an intent to transfer the same to the McPherson Company. If the security subsequently failed, it was one of the risks which that company took in accepting the mortgage. It was one of the risks for which the defendant had compensated the McPherson Company by a discount of $25 in the face value of the portion of the mortgage assigned.

The judgment appealed from should be reversed, and the complaint should be dismissed upon the merits, with costs.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event. All concur, except HOOKER, J., who reads for affirmance.

HOOKER, J. I dissent. The defendant, by failure to allege affirmatively that the plaintiff is not incorporated, raises no issue on this subject. Section 1776, Code Civ. Proc. The pleadings did raise the issue of the assignment from the McPherson Material Company to the plaintiff, but the conduct of the parties on the trial of the case was such as to constitute a waiver by the defendant of plaintiff's proof of

the assignment. From the stenographer's minutes this statement appears, "defense being payment the defendant takes the affirmative." No objection seems to have been raised to this method of procedure by the defendant; he voluntarily took the affirmative without compelling or imposing upon the plaintiff the burden of proving the assignment of the claim to it, nor is that question elsewhere raised in the record.

I think that from all the evidence the trial justice was justified in holding that the defense of payment had not been successfully sustained, and that there was evidence to support his finding.

The judgment should be affirmed.