(165 App. Div. 67)

### NASH v. MOORE.

### SAME v. ZIMMER.

(Supreme Court, Appellate Division, Second Department. December 18, 1914.)

1. ESTOPPEL (§ 72*)—GROUNDS—INJURY TO ONE OF TWO INNOCENT PERSONS.

   The reposing of confidence in an attorney, who defrauded by forgery of assignments of mortgages, was not the natural and probable cause of loss to the assignees, as the crime, and not the negligence in reposing confidence in him, was the proximate cause of the loss; and the rule that, where one of two innocent persons must suffer from the act of a third person, the loss must fall on the one enabling the third party to do the injury, did not apply.

   [Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 188; Dec. Dig. § 72.*]

2. MORTGAGES (§ 239*)—FORGED ASSIGNMENT—SETTING ASIDE.

   One taking a forged assignment of a mortgage, who could not support his claim by the mere delivery of a bond and mortgage without the forged assignment, could not defeat the mortgagee's action to set aside the assignment and cancel it of record.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 606, 607; Dec. Dig. § 239.*]

Appeal from Special Term, Kings County.

Separate suits by Lewis H. Nash, as sole surviving trustee, etc., of Lewis Hallock, deceased, against Kate Moore and against John Zimmer. From judgments dismissing his complaints upon the merits, plaintiff appeals. Judgments reversed, and final judgments directed for plaintiff.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Edward P. Lyon, of New York City (William R. Hill, of New York City, on the brief), for appellant.

William B. Hurd, of Brooklyn, for respondent Moore.

Robert J. Robeson, of New York City, for respondent Zimmer.

PUTNAM, J. These were equity suits, tried together, to set aside and cancel of record three assignments of mortgages, purporting to have been made by plaintiff, one to the defendant Zimmer, and two to the defendant Moore.

Plaintiff, as trustee of the estate of Lewis Hallock, deceased, employed Augustus M. Price (now under a prison sentence) as his attorney. Price had in his possession three bonds and three mortgages to secure $3,500 each, made by one Williams to the plaintiff, as trustee. Price had made the loans for the estate, for which the bonds and mortgages were given, several years before, and, indeed, had general charge of the investments and accounts of the Hallock estate. Plaintiff lived in Connecticut, and Price collected the interest on these securities, giving receipts therefor.

The defendant Zimmer knew Price, having in one or two instances employed him as attorney. Mr. Zimmer was deaf, and his brother Charles transacted his business. In August, 1913, Price stated that the plaintiff, a client of his, had a mortgage to sell, and defendant Zimmer bought it for $3,500, receiving the bond and mortgage, with a paper purporting to be an assignment.

Price had also been attorney for the defendant Mrs. Moore. She had known Price for 20 years. He had invested $50,000 for her on bond and mortgage, and collected the interest when due, turning it over to her with a statement every six months. Mrs. Moore had money to invest, which was in Price's possession, and in August, 1913, Price informed Mrs. Moore that he had invested $7,000 in two bonds and mortgages made to the Hallock estate. When Mrs. Moore requested Price to return to her her securities, she found that the two mortgages, which are among the subjects of this litigation, were not with those returned. She called on Price, and he gave her these Nash mortgages. Mrs. Moore, discovering that her name did not appear on these securities, again saw Price, who informed her that he had recorded an assignment in her favor.

The signature of plaintiff on both assignments was forged by Price, who also, as notary public, made false certificates of acknowledgment for these assignments. The suits raised the question: Who is to suffer for this misconduct by Price?

[1] The learned trial justice decreed against the plaintiff, as concluded by an estoppel in pais. He held plaintiff liable for Price's acts, under the doctrine that, where one of two innocent persons must suffer from the act of a third person, the loss must fall upon him who has enabled the third party to do the injury. Such a rule, however, is inapplicable to cases where the wrong was accomplished through the instrumentality of a criminal act, as in such cases the crime, and not

the negligent act, is held to be the proximate cause of the injury. 16 Cyc. 773.

The settled principle is that, if one who has had confidence reposed in him has availed himself of his opportunity to defraud others by means of a forgery, such loss is not a natural or probable result of the confidence thus reposed. Hill v. Jewett Publishing Co., 154 Mass. 172, 28 N. E. 142, 13 L. R. A. 193, 26 Am. St. Rep. 230; Bigelow on Estoppel, p. 658. An estoppel cannot be thus raised against the real owner upon a forged instrument.

[2] The assignments upon which defendants rely were the results of a felony, and if defendants were thereby deceived, still their loss cannot fall on the plaintiff. Marden v. Dorthy, 160 N. Y. 39, 58, 54 N. E. 726, 46 L. R. A. 694; Nahe v. Bauer [No. 1], 141 App. Div.. 115, 125 N. Y. Supp. 592. The respondents cannot support their title to these securities through the mere delivery of a bond and mortgage, without this forged assignment. Strause v. Josephthal, 77 N. Y. 622; Mallock v. Robinson, 19 N. Y. Wkly. Dig. 229 [Third Dept., 1884].

The judgments must therefore be reversed, the sixth and seventh findings of fact, requested by plaintiff, found in each case, and final judgments directed for plaintiff, but without costs. All concur, except CARR, J., not voting.