JAMES BUNT, Plaintiff, *v.* VICTORIA D'ANDREA and Others, Defendants.

Supreme Court, Bronx Special Term, December, 1922.

Mortgages — power of attorney to assign — when assignment by delivery good — cancellation of record of forged assignment.

Plaintiff, the owner of a bond and mortgage, made and executed a power of attorney to his son " to satisfy, release or assign any mortgage, bond or other claim held by me, to receive payment therefor in check or cash, and to indorse, disburse or deposit same." The son sold the bond and mortgage and delivered the same and received a check in payment therefor, most of the proceeds of which he misappropriated. With the bond and mortgage there was delivered a formal written assignment to which plaintiff's name was forged. Upon an action to cancel of record such assignment and to foreclose the mortgage, *held,* that the assignment is a forgery and should, therefore, be canceled of record. Plaintiff's son, however, having full authority to make an assignment of the bond and mortgage and having delivered the bond and mortgage they thereupon became the property of the person to whom they were delivered and the plaintiff has no title thereto which he can enforce by a foreclosure action.

ACTION to set aside an assignment of a mortgage on real property and to foreclose the mortgage.

*Joseph A. Byrne,* for plaintiff.

*Harold Swain* (*Benjamin G. Bain,* of counsel), for defendants Samuel J. and Edward E. Ashley.

TIERNEY, J. The plaintiff was the owner by assignment of the bond and mortgage involved in this action. They were in the custody of James T. Bunt, the plaintiff's son. On April 24, 1918, the plaintiff gave a power of attorney to his son " to satisfy, release or assign any mortgage, bond or other claim held by me,

to receive payment therefor in check or cash, and indorse, disburse or deposit same." On April 25, 1918, the son sold the bond and mortgage to the defendants Ashley and delivered the same and received payment in checks to the order of the plaintiff, which he indorsed as attorney and misappropriated most of the proceeds. With the bond and mortgage there was delivered a formal written assignment to which the plaintiff's name was forged and to which there was annexed a false certificate of acknowledgment signed by James T. Bunt as a commissioner of deeds. This action is brought to cancel the record of such assignment and to foreclose the mortgage. The plaintiff is entitled to have the record of the assignment canceled, as I find that it is a forgery. With the written assignment canceled, however, the plaintiff is not entitled to enforce the mortgage. James T. Bunt, on April 25, 1918, had full authority to make an assignment of this bond and mortgage and receive the proceeds of sale. That is what he did, and the assignment by delivery transferred title to the defendants Ashley. That he induced them to accept delivery by also giving them the forged assignment does not deprive his act in making actual delivery of its legal effect. The transaction was then completed and an absolute transfer of the bond and mortgage intended. The defendants Ashley relied upon the written papers as evidence of the assignment and would doubtless have refused to pay over their money without it. But they did get an actual delivery of the bond and mortgage, and this was intended as part of the formula for transferring the title just as much as the delivery of the written assignment. Counsel cited the case of *Nash* v. *Moore,* 165 App. Div. 67, as a decision opposed to these views, and especially the statement in the opinion that " the respondents cannot support their title to these securities through the mere delivery of a bond and mortgage, without this forged assignment." P. 70. In that case the agent had no authority to assign the mortgage which was in his possession. He succeeded in getting the respondents to take a transfer by a forged assignment. The court held that the possession of the mortgage with the consent of the owner did not clothe the agent with any apparent authority to transfer it without the act of the owner and that the owner would not be bound by his act in making an unauthorized delivery. In *Strause* v. *Josephthal,* 77 N. Y. 622, all that was held was that a manual delivery of a bond and mortgage when it is intended that the actual transfer shall be made later by a written assignment does not pass title. In the case at bar the plaintiff's title to this bond and mortgage was legally transferred to the defendants Ashley and the plaintiff has no title thereto which he can enforce by a foreclosure action.

Let a decision be settled on notice finding that the written assignment was a forgery and that the plaintiff is entitled to have it canceled and that the bond and mortgage were legally transferred to the defendants Ashley by manual delivery. In submitting proposed findings counsel will please omit facts that are admitted by the pleadings and require no determination by the court.

Judgment accordingly.