(No. 4414.    April 9, 1927.)

THE FIRST NATIONAL BANK OF WILDER, IDAHO, a Corporation, Appellant, v. MRS. EMMA BARNES and HENRY B. HAAS, as Administrator of the Estate of GEORGE F. BARNES, Deceased, Respondents.

[255 Pac. 907.]

Estoppel — Negligence — Promissory Note — Forged Indorsement— Proximate Cause of Loss to Transferee.

1. Mother's carelessness in entrusting note to custody of her son, who thereafter forged her indorsement, and used it as collateral security, is not sufficient to preclude her from setting up the forgery, unless her carelessness was cause of note's being taken as security.

2. Where bank accepted note as collateral security on son's forged indorsement and representations that he was the owner, and made no inquiry of mother to whom note was payable, the intervening forgery and not mother's carelessness in entrusting note to her son was cause of bank's taking note, and forgery was proximate cause of loss thereon.

3. Rule that, where one of two innocent persons must suffer loss by reason of wrongful act of another, he must suffer who placed it in power of such third person to do wrong, has no application, where wrong is accomplished through a criminal act, since, in such case, crime, and not the negligence, is the proximate cause of the loss.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for judgment on promissory notes and for the foreclosure and sale of collateral security. Judgment for respondents. *Affirmed.*

Scatterday & Stone, for Appellant.

When one of two innocent parties suffers loss by reason of the negligent acts of a third party, the rule is almost universal that the party who has made it possible by reason of his negligence for the third party to commit the wrong must stand the loss. (*Northern Pac. Ry. Co. v. Spokane Valley Growers' Union,* 132 Wash. 607, 232 Pac. 691; *Missouri Pac. R. Co. v. M. M. Cohn Co.,* 164 Ark. 635, 261 S. W. 895; *Uriola v. Twin Falls Bank & Trust Co.,* 37 Ida. 332, 215 Pac. 1080; *Pennypacker v. Latimer,* 10 Ida. 625, 81 Pac. 56; *Bartlett v. First National Bank of Chicago,* 247 Ill. 490, 93 N. E. 337; *Crippen, Lawrence & Co. v. American Nat. Bank,* 51 Mo. App. 508; *Heavey v. Commercial Nat. Bank of Ogden City,* 27 Utah, 222, 101 Am. St. 966, 75 Pac. 727.)

When a negotiable instrument is entrusted by its owner to the keeping of another who is known by such owner to be a forger, such action by the owner constitutes such negligence as will preclude the owner, under the provisions of

---

Publisher's Note.

1. See 3 R. C. L. 1006.
3. See 3 R. C. L. 1006.

See Estoppel, 21 C. J., sec. 176, p. 1170, n. 67, p. 1172, n. 70, 76.

C. S., sec. 5890, from setting up a forged indorsement as a defense. (*De Feriet v. Bank of America*, 23 La. Ann. 310, 8 Am. Rep. 597; *Bartlett v. First National Bank of Chicago, supra; Weisberger v. Bargerton Sav. Bank Co.*, 84 Ohio St. 21, 95 N. E. 397, 34 L. R. A., N. S., 1100; *Maurmair v. National Bank of Commerce* (Okl.), 158 Pac. 349.)

Stone & Jackson, for Respondents.

The rule "that where one of two innocent persons must suffer loss by reason of the fraudulent act of another, he must suffer who placed it within the power of such third person to do the wrong," does not apply to the forgery of negotiable instruments. In such cases the forgery is the proximate cause of the loss. (*Holmes v. Trumper*, 22 Mich. 427, 7 Am. Rep. 661; *Greenfield Sav. Bank v. Stowell*, 123 Mass. 196, 25 Am. Rep. 67; *Knoxville Nat. Bank v. Clark*, 51 Iowa, 264, 33 Am. Rep. 129, 1 N. W. 491; *Burrows v. Klunk*, 70 Md. 451, 14 Am. St. 371, 17 Atl. 378, 3 L. R. A. 576; *Exchange Nat. Bank v. Bank of Little Rock*, 58 Fed. 140, 7 C. C. A. 111, 22 L. R. A. 686; *Angle v. Northwestern Mutual Life Ins. Co.*, 92 U. S. 330, 342, 32 L. ed. 556; Rand, Com. Paper, secs. 187, 1770.)

It is essential to the application of the principle of equitable estoppel that the party claiming to have been influenced by the conduct or declarations of another to his injury was himself destitute of any convenient and available means of acquiring such knowledge; and where both parties have the same means of ascertaining the truth, there can be no estoppel. (11 Am. & Eng. Ency. of Law, 2d ed., 434; *Cahoon v. Seger*, 31 Ida. 101, 168 Pac. 441; *Walker v. Milliken*, 150 Ky. 12, Ann. Cas. 1914C, 742, 150 S. W. 71; *Sheffield Car Co. v. Constantine Hydraulic Co.*, 171 Mich. 423, Ann. Cas. 1914B, 984, 137 N. W. 305.)

WM. E. LEE, C. J.—George F. Barnes, now deceased, being indebted to appellant in the sum of $4,500, evidenced

by two promissory notes, delivered to it the promissory note of another, payable to Emma Barnes, as security for the payment of the indebtedness. This action was instituted for the purpose of effecting a foreclosure of the collateral note which bore the forged indorsement of Emma Barnes. The note had been entrusted by the mother, Emma Barnes, to her son, George Barnes, to be placed in a vault for safekeeping. The court found that "Emma Barnes in entrusting said note to her son was not guilty of such negligence" as would preclude her from setting up the forged indorsement, and entered judgment for defendants.

Appellant contends that Emma Barnes is precluded from setting up the forgery, as a defense, because she negligently entrusted the note to the custody of her son who, she knew, had been, at one time, convicted of the crime of forgery.

[1] The most that can be charged against the mother is that she was careless in the custody of the note. This alone is not sufficient to preclude her from setting up the forgery, unless her carelessness was the cause of the bank's taking the note as security. (21 C. J. 1172; 3 R. C. L. 1006; *Nash v. Moore,* 165 App. Div. 67, 151 N. Y. Supp. 96; *Walsh v. Hunt,* 120 Cal. 46, 52 Pac. 115, 39 L. R. A. 697; *Knox v. Eden Musee American Co.,* 148 N. Y. 441, 51 Am. St. 700, 42 N. E. 988, 31 L. R. A. 779; *People's Trust Co. v. Smith,* 215 N. Y. 488, Ann. Cas. 1917A, 560, 109 N. E. 561, L. R. A. 1916B, 840; *Varney v. Curtis,* 213 Mass. 309, Ann. Cas. 1914A, 340, 100 N. E. 650, L. R. A. 1916A, 629; *Shepard & Morse Lumber Co. v. Eldridge,* 171 Mass. 516, 68 Am. St. 446, 51 N. E. 9, 41 L. R. A. 617.)

Emma Barnes was not a depositor of the bank, and had no business of any character with it. It does not appear that she had any knowledge that her son was indebted to the bank, or that there was any occasion for him to use the note for his own purposes. The note was delivered to him to be placed in a vault for safekeeping, and was not delivered to be dealt with or transferred. Its delivery, for this purpose, involved no representation to the public

or to the bank that any transfer of the note was intended, invited or authorized. The transfer of the note by George Barnes could only be accomplished by means of the commission of a crime.

At the time the bank acquired the note George Barnes was about forty-five years of age. The evidence does not disclose when he was convicted of forgery. It had probably been several years previous, for he had lived in the community of Wilder nine years, long enough to establish such a credit at the bank as to borrow a large sum of money on his unsecured note. For all we know the crime for which he was convicted may have been committed when he was a young man, and he may have so lived since that time as to convince his mother that he had wholly reformed. Her entrustment of the note to him tends to show that she believed him honest and trustworthy. As stated in *People's Trust Co. v. Smith, supra:*

"Faith in the honesty of trusted friends and relatives is seldom negligence. If circumstances may make it negligence, this case does not show them. We may say with Bovill, Ch. J., in *Societe Generale v. Metropolitan Bank,* 27 L. T. 849; 'Persons are not to be supposed to commit forgery, and the protection against such a crime is the law of the land, not the vigilance of parties in excluding all possibility of committing it.' "

Conceding that the holder of an unindorsed note owes a duty not to commit its custody to one whom he knows, or has reason to believe, will use it for a dishonest purpose, it surely does not follow that one, who has committed a crime, may not reform and again become worthy of trust and confidence; that such a one, by years of upright living, may not again attain that position in society as to justify his friends and the business world in regarding him as though he had never been convicted of a crime.

"A party is under no obligation to the rest of the world, however it may be for his own protection, to suspect a clerk or other person appointed to represent him in his business, even though known to have been guilty of mis-

conduct on previous occasions." (Spencer Bower on Estoppel by Representation, sec. 91.)

See, also, *Lewes Sanitary Steam Laundry Co. v. Barclay & Co.*, 95 L. T. (Eng.) 444, 11 Com. Cas. 255, 22 T. L. R. 737; *Patent Safety Gun Cotton Co. v. Wilson*, 49 L. J. (Eng.) (Q. B.) 713, C. A.; *First Nat. Bank of Montgomery v. Montgomery Cotton Co.*, 211 Ala. 551, 101 So. 186.

[2, 3] The bank took the note on the forged indorsement and the representations of George Barnes that he was the owner. It made no inquiry of Emma Barnes and she made no representations. There is no question but that it was the intervening forgery, and not the carelessness of Emma Barnes in entrusting the note to her son, that caused the bank to take the note; that the forgery, and not her carelessness, was the proximate cause of the loss. There is, therefore, no occasion for the application of the rule, invoked by the bank, that, where one of two innocent persons must suffer loss by reason of the wrongful act of another, he must suffer who placed it in the power of such third person to do the wrong. This rule is not applicable to cases where the wrong is accomplished through a criminal act. In such case, the crime, and not the negligence, is the proximate cause of the loss. (21 C. J. 1172, and cases cited.)

Judgment affirmed. Costs to respondent.

Budge, Givens, Taylor and T. Bailey Lee, JJ., concur.