W. VAN E. THOMPSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17509. Promulgated March 1, 1928.

*C. C. Carlson, C. P. A.*, and *Frank Mergenthaler, Esq.*, for the petitioner.

*A. H. Fast, Esq.*, for the respondent.

**OPINION.**

TRAMMELL: We are convinced by the evidence that the notes in question were ascertained to be worthless and charged off during the taxable year.

The respondent contends that the deduction is not allowable for the reason that the notes were worthless at the time they were received and consequently could not be deducted in 1924. He also contends that since there is no evidence to show that the amount of the notes was included in or carried in income account, it could not be deducted.

We will discuss the latter contention first. It is true that there is no evidence to show that the notes were ever included in income. The fact is, however, that they did not constitute income. The cost of the ranch, for the purpose of determining gain or loss, was its value at the time received by inheritance, which was $20,000. Its sales price was the same. This resulted in no gain or loss. A taxpayer is not required to include in gross income anything except gains, profits and income. Section 213 of the Revenue Act of 1921. No gains, profits or income were derived from this transaction from sales or dealings in property as provided in the above section of the Act defining gross income. A taxpayer, however, is entitled to deduct a loss on account of a debt ascertained to be worthless, if the debt arises from a capital outlay involving no income. The entire purchase price of the ranch was capital since it did not exceed the cost thereof. A portion of the property owned by the petitioner was converted into the notes and these notes became worthless and upon either system of accounting, cash or accrual, the petitioner is entitled to the deduction.

We may answer the respondent's first contention, that is, that the notes were worthless when received and therefore a deduction is not allowable when they were charged off, by the statement that in our opinion the notes could not have been considered worthless when made. The petitioner had confidence in the maker of the notes. There was some equity in the purchaser over and above the liens against the property, which equity could have been subjected to the payment or part payment of the notes due to the petitioner. This situation, however, did not exist at the end of 1924 because other liens had been placed upon the property. When the sale was made in 1923 the ranch was being operated and was in cultivation, crops were being raised and the land was in fairly good condition. If prices of farm products had remained as they were when Weast purchased the property, such property would have produced a substantial income, or if Weast had been able to sell the property in small tracts as he had contemplated, doubtless the notes would have been paid in full, but these circumstances did not occur. On the other hand, a large portion of the land became unsuited for cultivation during 1924 on account of the salt condition which became manifest. Market conditions continued to grow worse instead of better and before the end of the year there was no market for such property in the vicinity

where this property was situated. The fact that the maker of the notes did not have property or assets out of which the notes could have been collected when he made them, is not sufficient reason for holding that they were worthless when given and that their worthlessness could not be subsequently ascertained. A person may have credit to such an extent that he could borrow money upon his promissory note without having any other assets than his good name and character and yet circumstances may subsequently occur which would warrant the payee of the note in ascertaining that it was worthless and charging it off. Here the petitioner undoubtedly had great faith and confidence in the maker of the notes when they were given, but in view of all the facts and circumstances which occurred, he reached the conclusion that the notes were worthless before the end of 1924. Under these circumstances he had the right to a deduction on account of their worthlessness, although they were not due until a later time.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

GREEN dissents.