CHARLES B. BOHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 95953.   Promulgated March 14, 1941.

*H. A. Mihills, C. P. A.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

956

OPINION.

LEECH: There is no ground for disallowing the loss upon the sale by petitioner of 1,000 shares of Hiram Walker preferred stock to the trust on the ground that the sale was not bona fide. It was made at the market price; petitioner has never had any agreement or option to reacquire the stock, and has never done so. *James Lee Johnson,* 37 B. T. A. 155; affd., 104 Fed. (2d) 140; affd., 308 U. S. 523; *Ralph Hochstetter,* 34 B. T. A. 791; *Oscar F. C. Kunau et al., Trustees,* 27 B. T. A. 509.

Respondent, however, disallowed the deduction of any loss upon the sale upon the ground that such a deduction is barred by section 24 (a) (6) of the Revenue Act of 1934, which reads as follows:

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

(6) Loss from sales or exchanges of property, directly. or indirectly, (A) between members of a family * * *. For the purpose of this paragraph— * * * the family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants.

It will be noted that the statute does not expressly mention sales between the settlor and the fiduciary of a trust. Our inquiry is whether an intent to cover the transaction now at issue may be spelled out of the words "directly or indirectly", and we are entitled, in the face of such ambiguity or doubtfulness of meaning, to consider the legislative history of the section. *Caminetti* v. *United States,* 242 U. S. 470; *Penn Mutual Life Insurance Co.* v. *Lederer,* 252 U. S. 523.

We have already held this statutory provision to be ambiguous, and that the legislative history of the section here pertinent is not helpful. *Shelden Land Co.,* 42 B. T. A. 498. It is there stated merely that the general purpose of the section is to disallow losses on sales between members of a family because sales of that type have frequently been used to avoid income taxes. Light is cast on the problem, however, by considering the provisions and history of section 301 (a) of the Revenue Act of 1937, which amended section 24 (a) (6) by adding thereto a sentence forbidding the deduction of losses

on sales between the settlor and fiduciary of a trust. The Report of the Ways and Means Committee (75th Cong., 1st sess., H. Rept. 1546), after referring to section 24 (a) (6) of the 1934 Act, reads in part as follows:

* * * This provision of existing law is not exclusive and the Government may still deny losses in the case of sales and exchanges not specifically covered thereby (for instance, between uncle and nephew) if such sales or exchanges are not bona fide. However, because the evidence necessary to establish the fact that a sale or exchange was not made in good faith is almost wholly within the knowledge of the person claiming the deduction, the Government has encountered considerable difficulty in sustaining the disallowance of the deduction in a great many cases. Moreover, the specific provisions of section 24 (a) (6) of existing law have proved inadequate to meet many situations of this type. Accordingly, your committee proposes the amendment of this section to provide certain additional restrictions on deductions of this character. * * *

Section 301 adds to existing law provisions which specifically deny losses between—

*       *       *       *       *       *       *

(3) An individual and a fiduciary of any trust of which the individual is a grantor; * * *

It seems to us that the reasonable inference to be drawn from the amendment of the section and the above statement is that transactions of the type at bar were not covered by the 1934 Act. The sale here was not between father and daughter, but between father and trustee for daughter. The daughter would not come into full legal possession of the stock until the termination of the trust, and even then her estate might be defeated by her prior decease. No powers over the trust corpus were retained by petitioner, hence rendering inapposite *Helvering* v. *Clifford*, 309 U. S. 331. To hold that the transaction falls within section 24 (a) (6) is to read something into an ambiguous statute which is not there, in an attempted clarification *ad hoc*.

Respondent, citing *Higgins* v. *Smith*, 308 U. S. 473, urges that section 301 of the 1937 Act only clarified and extended the existing rule. This statement is, of course, refuted by the above quoted committee report, which remarks that *new* restrictions are being added to *inadequate* existing law. We hold that petitioner is entitled to the deduction claimed.

The second issue is whether petitioner is entitled to deduct as a bad debt the difference between the unrecovered cost of land contracts and the amounts received by him in settlement of the vendees' obligations. The ascertainment of worthlessness was sufficiently made by petitioner's signing the consent to take H. O. L. C. bonds, which required him to discharge the balance of the indebtedness, and by Den Uyl's specific determination of the loss as petitioner's agent. That being the case, the question is wholly controlled by *James R. Stewart*,

39 B. T. A. 87, which allowed a similar deduction on like facts, and held that a bad debt, rather than a capital loss deduction, was proper. See also *Harold S. Denniston*, 37 B. T. A. 834, and *Charles T. Carlson*, 39 B. T. A. 185. We hold, therefore, that petitioner is entitled to the second contested deduction in full.

*Decision will be entered under Rule 50.*