**Zelma T. KYLE and Betty K. Kyle**

v.

**UNITED STATES of America.**

Civ. A. No. 2223.

United States District Court
E. D. Virginia, Richmond Division.

June 7, 1956.

Howard C. Vick, Richmond, Va., for plaintiffs.

L. S. Parsons, Jr., U. S. Atty., Richmond, Va., for the Government.

STERLING HUTCHESON, Chief Judge.

The following is to be considered as findings of fact and conclusions of law in the above case.

In September 1946 Zelma T. and Betty K. Kyle, hereinafter referred to as the plaintiffs, purchased a residence, located at No. 1602 Cedar Lane, Richmond, Virginia. In December 1946 they sold the residence on Cedar Lane to a purchaser. The price paid by the plaintiffs for the residence was $16,500. The sale price to the purchaser was $17,750. The purchaser paid a $700 deposit and took possession of the residence on December 15, 1945. Thereafter on December 30, 1946, the purchaser refused to complete the contract of sale. Litigation ensued during which by stipulation of counsel the Cedar Lane house was sold for $13,500 on June 27, 1947. The purchaser remained in possession until June 19, 1947. On September 17, 1948, judgment for $4,415 was rendered by the Circuit Court of Richmond in favor of plaintiffs. This amount represented the difference between the original contract price of $17,750 and $13,500, the price for which the property was finally sold, plus interest and less the $700 previously paid.

This judgment was never satisfied by the purchaser and during the year 1949 was determined to be uncollectible. The plaintiffs claimed the judgment as a non-business bad debt deduction from income in 1949, 1950, 1951 and 1952. The Commissioner of Internal Revenue disallowed the deduction and required the plaintiffs to make deficiency payments on income tax. Plaintiffs bring this action to set aside the ruling of the Commissioner.

■ The issue resolves itself simply to the question: Is this judgment a deductible non-business bad debt or is it a non-deductible capital loss from the sale of real estate?

Clearly the judgment, considered in light of the stipulated sale of the residence pending the outcome of litigation,

represents the unpaid' balance of the purchase price of the residence in the same manner as a note or other form of security. There was no loss in the sale of the real estate, but rather a gain. When notes are given for the purchase price in the sale of realty and subsequently become uncollectible, they may be declared as deductible non-business bad debts. Thompson v. Commissioner, 10 B.T.A. 1125. See Stewart v. Commissioner, 39 B.T.A. 87, where the vendor held the deed until certain payments were made by the vendee and due to a change in conditions as to the value of the land, partial payments were made and the vendor was allowed to deduct the difference as a loss on his income tax returns. Also see Bohn v. Commissioner, 43 B.T.A. 953, and Wenger v. Commissioner, 42 B.T.A. 225. Therefore, in view of the foregoing, the ruling of the Commissioner was erroneous and should be reversed.

It is suggested that counsel submit draft of order granting judgment to the plaintiffs in conformity with the prayer of the complaint.