## CONNOLLY *v.* STATE TAX COMMISSION

Mr. Thaddeus W. Veness, Portland, Oregon, appeared on behalf of plaintiff; Mr. Donald Seymour, Assistant Attorney General, Salem, appeared on behalf of defendant.

Decision for defendant rendered February 8, 1967.

EDWARD H. HOWELL, Judge.

The issue in this case is whether the plaintiff is entitled to deduct the amount of a judgment as a bad debt under ORS 316.330 which allows any debt which becomes worthless during the tax year to be deducted in computing the taxpayer's net income. The bad debt

was originally deducted in plaintiff's tax return for 1960 and later deductions were also taken on the debt for the years 1961, 1962 and 1963 pursuant to the loss carry-over provisions of ORS 316.353.

The defendant commission decided that the judgment arose out of a theft or embezzlement and consequently could not be the basis of a bad debt deduction but must be deducted as a loss under ORS 316.320.[1]

The plaintiff's position is that she has an uncollectible judgment; an uncollectible judgment is a bad debt within the meaning of ORS 316.330; neither the tax commission nor the Tax Court is entitled to inquire into the facts upon which the judgment was based to determine whether or not it constitutes a bad debt.

■ This position is clearly untenable. The courts are entitled to and do look behind the judgment to determine if the facts qualify the deduction as a bad debt.

ORS 316.330 allowing the deduction of bad debts and ORS 316.320 allowing a deduction of losses arising from theft or embezzlement are similar to sections 166(a) and 165(c)(3) of the 1954 Internal Revenue Code and the prior federal codes.

---

[1] ORS 316.320:

"(1) In computing net income there shall be allowed as deductions, losses sustained during the tax year and not compensated for by insurance or otherwise:
"* * * * *

"(c) Of property not connected with the trade or business, if arising from fire, storm, shipwreck or other casualty, *or from theft.*
"* * * * *

"(4) *For purposes of subsection (1) of this section, any loss arising from theft or embezzlement shall be treated as sustained during the tax year in which the taxpayer discovers such loss.*
"* * * * *." (Emphasis supplied.)

The federal courts have held that the judgment per se does not determine whether it is a deductible bad debt; it is the nature of the transaction underlying the judgment, not the judgment itself, that controls the tax effects. *Iowa Southern Uitlities Co. v. U. S.,* 348 F2d 492 (Ct Cl 1965), 65-2 USTC ¶ 9565; *Cotnam v. Com.,* 263 P2d 119 (5th Cir 1959) (citing cases), 59-1 USTC ¶ 9200; *Standard Oil Co. v. Com.,* 129 F2d 363 (7th Cir 1942), 42-2 USTC ¶ 9528, *cert denied,* 317 US 688, 63 S Ct 26, 87 L ed 551 (1942); *Hanes v. Commissioner,* 2 TC 213 (1943).[2]

If the rule were otherwise every uncollectible judgment, no matter what the source of the judgment, would automatically be deductible as a bad debt.

The defendant commission disallowed the deduction of the amount of the judgment on the grounds that the loss involved was the result of a theft or embezzlement perpetrated by plaintiff's former husband and must be deducted under ORS 316.320, the loss statute and not under ORS 316.330 as a bad debt. If it is a loss under ORS 316.320 it must be claimed in the year of the loss and cannot be carried forward.

■ The loss statutes and the bad debt statutes are mutually exclusive. *Putnam et al v. Comm.,* 352 US 82, 77 S Ct 175, 1 Led2d 144, 50 AFTR 502, 57-1 USTC ¶ 9200 (1956); *Spring City Foundry v. Com.,* 292 US 182, 54 S Ct 644, 78 L ed 1200, 13 AFTR 1164, 4 USTC ¶ 1276 (1933); *Thomas v. Com.,* 100 F2d 408 (2d Cir

---

[2] For example, the following have been held not to constitute bad debt deductions: loss resulting from a breach of contract, 5 NYU Institute of Federal Taxation 648; failure to pay alimony in a property settlement between a husband and wife, *Thomas v. Com.,* 100 F2d 408 (2d Cir 1938), 38-2 USTC ¶ 9606; 5 Mertens, *Law of Federal Taxation,* § 30.06; an uncollectible judgment on the sale of a personal residence, *U. S. v. Kyle et al,* 242 F2d 825 (4th Cir 1957), 57-1 USTC ¶ 9575, *reversing* DC, 142 F Supp 786, 52-2 USTC ¶ 9694.

1938), 22 AFTR 117, 38-2 USTC ¶ 9606; *Hanes v. Commissioner*, 2 TC 213 (1943).

■ The general rule is that an embezzlement may constitute a loss (under ORS 316.320 and section 165 (c)(3) of the 1954 Internal Revenue Code and the prior similar statutes) but that it does not constitute a bad debt deduction (under ORS 316.330 and section 166(a) of the 1954 Internal Revenue Code). *Burnet v. Huff*, 288 US 156, 53 S Ct 330, 77 L ed 670, 11 AFTR 1386, 3 USTC ¶ 1047 (1932); *Iowa Southern Utilities Co. v. U. S., supra; Piedmont Grocery Co. v. U. S.*, 66 Ct Cl 468, 7 AFTR 8887, 1 USTC ¶ 341 (1928); 5 Mertens, *Law of Federal Income Taxation*, § 30.05, 10 NYU Institute of Federal Taxation, 190, 191.⑧

Unfortunately, in deciding whether plaintiff's judgment arose out of an embezzlement by her former husband the court must operate in a straitjacket as far as the facts are concerned. This is mostly the result of the plaintiff's reliance on the theory that an uncollectible judgment is per se a bad debt and that the court cannot look behind the judgment to determine the nature thereof.

The stipulation filed by the parties includes a copy of a complaint filed in Multnomah County Circuit Court with Frances S. Rutherford (the plaintiff herein) as plaintiff and Herbert P. Rutherford, as

---

⑧ In some earlier cases, *Douglas County Light and Water* Co. *v. Com.*, 43 F2d 904 (9th Cir 1930), 2 USTC ¶ 583; *Farish & Co. v. Com.*, 31 F2d 79 (8th Cir 1928), 1 USTC ¶ 371, the court allowed a bad debt deduction arising from an embezzlement where the embezzler, after the act, gave a note or promise to pay and the note or promise became worthless or uncollectible. It could be argued as in *U. S. v. Kyle et al*, 242 F2d 825 (4th Cir 1947), 51-1 USTC ¶ 9575, that this approach results in spliting the transaction into parts and contending that the final act—the giving of the note after the embezzlement—is the act that controls, not the original embezzlement.

defendant. A second amended judgment between the same parties is also included.

Generally the facts gleaned from the complaint are: plaintiff and defendant were married in April, 1954; thereafter "for convenience of management" plaintiff transferred certain of her real and personal property to the joint ownership of herself and her husband; her husband wrongfully and fraudulently transferred portions of the property to his individual ownership or conveyed the property to third persons without her knowledge or consent. It is apparent from the complaint that substantial sums were involved. The plaintiff secured a judgment against the defendant for $31,038.17, which judgment also required the defendant to reconvey certain property to the plaintiff and declared plaintiff to be the owner of other described property. The opinion and order of the Tax Commission which was received into evidence found that Rutherford had "absconded to Mexico."

■ The crime of embezzlement is the fraudulent appropriation of property the possession of which has been entrusted to the defendant. *State v. Tauscher,* 227 Or 1, 10, 360 P2d 764, (1961). Among the persons listed in the embezzlement statute, ORS 165.005, who could be guilty of embezzlement are fiduciaries. A fiduciary relationship exists between husband and wife and their business transactions are carefully scrutinized to prevent the wife from being defrauded. *Hodes v. Hodes,* 173 Or 267, 273, 145 P2d 299 (1944).

It would appear from the complaint and judgment in the Multnomah County case and the complaint in the instant case that Rutherford fraudulently converted to his own use portions of Mrs. Rutherford's property, the possession of which had been entrusted

to him for a special purpose. This resulted in a judgment of $31,038.17 against him. His actions also constituted embezzlement of portions of plaintiff's property.

The judgment secured by the plaintiff in this case arose out of an embezzlement. The tax commission is correct in its position that the amount of the judgment was deductible as a loss in 1960 under ORS 316.320 and not deductible as a bad debt under ORS 316.330.

The order of the defendant commission is affirmed. Costs to neither party.