Ferydoun **AHADPOUR,** Petitioner— Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent— Appellee.

No. 01–70059.

IRS No. 4843–96.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2002.

Decided March 6, 2002.

Before D.W. NELSON, HAWKINS and FITZGERALD, Circuit Judges.

## MEMORANDUM *

█ The tax court did not err in determining that Treas. Reg. § 1.166–1(e) precludes Ahadpour from taking an $8 million deduction for bad debt in connection with the sale of his Iranian business.[1] Ahadpour argues that Section 1.166–1(e) does not apply to individuals not subject to reporting requirements at the time of the taxable event and attempts to rely by analogy on a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Any arguments by Ahadpour regarding the general validity of this regulation are waived, as they are not "specifically and distinctly" argued in the opening brief, *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir.1994), and they are raised for the first time on appeal. *Merkel v. Commissioner*, 192 F.3d 844, 852 n. 10 (9th Cir.1999).

number of cases involving casualty war loss deductions. While these cases do not consider the prior tax treatment of assets on a foreign return, they illustrate that there is nothing remarkable about applying Internal Revenue Code rules to calculate basis for a current deduction on a United States return, even though the asset was acquired at a time the individual seeking the deduction was not a United States resident. *See, e.g., Gutwirth v. Commissioner*, 40 T.C. 666, 678–79, 1963 WL 1399 (1963) (applying I.R.C. depreciation rules to foreign asset); *see also Antuna v. Commissioner*, T.C. Memo.1970–290 (applying Treas. Reg. § 1.661–1(e) to disallow bad debt deduction for unpaid commissions incurred prior to United States residency).

We are not persuaded by Ahadpour's argument that Section 1.166–1(e) applies only to compensation-type income. This section has previously been applied to disallow bad debt deductions in cases where the taxpayer's debt arose from an exchange of property. *See, e.g., Searles Real Estate Trust v. Commissioner*, 25 B.T.A. 1115, 1118–19 (1932). Furthermore, we see no reason why a non-exhaustive listing of various types of income in Section 61(a) should have any bearing on what types of bad debts require prior inclusion in income, particularly when there is no cross-reference to Section 61(a) or even use of identical terminology in Treas. Reg. § 1.166–1(e).

The remaining cases relied on by Ahadpour do not require a different result. *Thompson v. Commissioner*, 10 B.T.A. 1125 (1928), merely stands for the proposition that if a taxpayer has a basis in an asset that is equal to or greater than the amount of sale, there will be no income to report on a prior return. *Id.* at 1128. Ahadpour, however, does not claim that his basis in the assets sold was equal to or greater than $8 million. In addition, contrary to Ahadpour's argument, this circuit has not previously refused to apply a "prior inclusion in income" rule similar to that in Section 1.166–1(e). *Hawke v. Commissioner*, 109 F.2d 946, 948–49 (9th Cir.1940) turned entirely on a different Treasury Regulation in existence at the time that expressly governed the calculation of basis for the taxpayer's stock sale.

▪ The tax court also did not err in imposing an accuracy-related penalty pursuant to 26 U.S.C. § 6662(a). Ahadpour was subject to the penalty for "substantial understatement" of tax. 26 U.S.C. § 6662(d)(1)(A). There was not "substantial authority" for Ahadpour's treatment of the tax item. 26 U.S.C. § 6662(d)(2)(B). "Substantial authority" requires more than a reasonable basis for the tax treatment; a position that is arguable but fairly unlikely to prevail cannot satisfy the substantial authority standard. *Norgaard v. Commissioner*, 939 F.2d 874, 880 (9th Cir.1991).

The penalty could also be avoided if Ahadpour had "reasonable cause" for the understatement and had "acted in good faith." 26 U.S.C. § 6664(c). The tax court, however, specifically determined that Ahadpour had not acted in good faith, and this finding is not clearly erroneous. As the tax court noted, Ahadpour failed to provide his preparers with complete information because he had withheld the 1979 "fair price agreement" from them and because he had given his preparers varying representations about the ownership and corporate structure of his Iranian business. *See Collins v. Commissioner*, 857 F.2d 1383, 1386 (9th Cir.1988) (reliance on advice of professional can shield taxpayer if taxpayer provides preparer all necessary and relevant information).

AFFIRMED.